## DAVIS v. BILSLAND.

1. The case of *Hornbuckle* v. *Toombs* (*supra*, p. 648), affirmed.
2. Under the mechanic's lien law and Civil Practice Act of Montana, a mechanic who has completed his claim by filing a lien, may assign it to another, who may institute a proceeding on it in his own name.
3. Under the first-mentioned law the liens secured to mechanics and material-men have precedence over all other incumbrances put upon the property, after the commencement of the building.

ERROR to the Supreme Court of the Territory of Montana.

A mechanic's lien law of the Territory, just named, enacts:

"SECTION 8. The liens for work or labor done, or things furnished, as specified in this act, shall have priority in the order of filing the accounts thereof, as aforesaid, and shall be preferred to all other liens and incumbrances which may be attached to or upon the building, erection, or other improvement, and to the land upon which the same is situated, to the extent aforesaid, or either of them, *made subsequent to the commencement of said building, erection, or other improvement.*"

Under this act Bilsland filed a petition in the Territorial District Court to enforce a mechanic's lien against the International Hotel in the town of Helena, Montana, and the lot on which it is situated, by a sale of the same to pay the plaintiff's claim, and to foreclose the liens and claims of all other parties. The building of the hotel was begun on May 1st, 1869, and one McKillican was employed by the owner to

work upon it as foreman from the 8th of May to the 13th of November, and for this labor became entitled to the sum of $1242.50. He duly filed his lien, and afterwards assigned his claim to Bilsland. Bilsland himself was employed on the building as a carpenter from July to November, 1869, and duly filed his lien for $742.87, the amount due to him.

Bilsland's petition alleged that a certain Davis, who, with some other persons, was made a defendant in the case, pretended to have some lien on the property, which at best arose subsequently to that which he, Bilsland, had, which claim of Davis the petition prayed might be barred and foreclosed.

Davis appeared as a defendant and alleged that on the 9th of June, 1869 (after the building was commenced), he lent to the owner of the property $6792, and received as security therefor a mortgage on the property, which was duly filed for record on the same day. He contended that he was entitled to priority of payment over the claims of McKillican and Bilsland.

The court, a jury being waived, rendered a decree in favor of Bilsland for his own claim and for that which was assigned to him by McKillican, and directed a sale of the property to pay the plaintiff, in preference to other parties, Davis among the number. This decree, being taken by appeal to the Supreme Court of the Territory, was substantially affirmed, and was now here on a *writ of error.*

The plaintiff assigned three errors:

*First.* That the action was a joinder in one suit of an action of assumpsit for work and labor, with a chancery proceeding to foreclose the equity of redemption.

*Secondly.* That the claim of a mechanic for a statutory lien cannot be enforced by an assignee by a suit in his own name.

*Third.* That the mortgage of Davis was entitled to priority over the claims of the plaintiff, which were not filed till November, 1869, and that Bilsland did not commence work until after the mortgage was given.

*Messrs. Robert Leech and Enoch Totten, for the plaintiffs in error; Messrs. J. H. Ashton and N. Wilson, contra.*

Mr. Justice BRADLEY delivered the opinion of the court.

The plaintiff assigns three errors:

*First.* That the action is a joinder in one suit of an action of assumpsit for work and labor, with a chancery proceeding to foreclose the equity of redemption.

This ground of objection having been already fully considered in the case of *Hornbuckle* v. *Toombs*, needs no further discussion.

*Secondly.* That the claim of a mechanic for a statutory lien cannot be enforced by an assignee by a suit in his own name.

In answer to this objection it is sufficient to refer to the fourth section of the Civil Practice Act of Montana, which provides that actions shall be prosecuted in the name of the real party in interest. McKillican had completed his claim by filing his lien before assigning it to the plaintiff. It was perfectly lawful for him to assign his claim. It was not against any principle of public policy to do so. When assigned, the claim really belonged to the plaintiff, and according to the code he was the proper person to bring suit upon it.

*Thirdly.* That the mortgage of the defendant was entitled to priority over the claims of the plaintiff, which were not filed till November, 1869, and Bilsland did not commence work until after the mortgage was given.

The language of the eighth section of the mechanic's lien* law of Montana is unambiguous. The liens secured to the mechanics and material-men have precedence over all other incumbrances put upon the property after the commencement of the building. And this is just. Why should a purchaser or lender have the benefit of the labor and materials which go into the property and give it its existence and value? At all events the law is clear, and the decree was right.

DECREE AFFIRMED.

Dissenting, Justices CLIFFORD, DAVIS, and STRONG.

* Quoted *supra*, p. 659.