MILTON ROGERS, APPELLANT, v. THE OMAHA HOTEL COMPANY, AND OTHERS, APPELLEES.

1. **Practice**: RECORDS FOR SUPREME COURT. Where the finding of the court below upon the facts is not disputed, and the only error complained of is one of law, the testimony taken need not be embodied in the record brought to the supreme court.

2. **A Mechanic's Lien** is assignable, and the assignee thereof may maintain an action to foreclose the lien.

3. ———— : The distinction between statutory liens, and common law liens depending on possession, stated.

THIS was an appeal from a judgment of the district court for Douglas County, brought into this court under the provisions of the act of Mar. 3, 1873, *Gen. Stat.*, 716. No notice of appeal was given and the transcript filed in this court did not contain the testimony adduced on the trial of the cause in the court below. *Doane* for Appellees moved to dismiss the appeal for these reasons.

Pending the argument upon the motion to dismiss the appeal, *Woolworth* of counsel for Appellant, without withdrawing the papers in the appeal case, filed a petition in error, which *Doane* likewise moved to dismiss. This was the situation of the cause when called in its regular order on the calender at the present term. The facts are set forth in the opinion of the court.

PER CURIAM. The testimony in such cases as these need not be embodied in records brought to the supreme court, where the finding of the court below upon the facts is not disputed, and the only error complained of is one of law. No notice of the appeal is required by the statute. For these reasons the motion to dismiss the appeal must be overruled.

*J. M. Woolworth*, for Appellants, then withdrew the petition in error filed as above stated, and the cause being called for argument, insisted that a mechanic's lien, being a personal right, was not assignable, and was extinguished by a transfer of the claim. *Roberts v. Fowler*, 3 *E. D. Smith*, 632. *Fitzgerald v. First Presbyterian Church*, 1 *Mich.* (*N. P.*), 243. *Caldwell v. Lawrence*, 10 *Wis.*, 331. *Ayre v. Revere*, 1 *Dutcher*, 494. *Hawley v. Warde*, 4 *G. Greene*, 36. *Urquhart v. McIver*, 4 *Johns*, 103. *McCombe v. Davies*, 7 *East.*, 5. *Pierson v. Tincker*, 36 *Me.*, 384. *Baum v. Grigsby*, 21 *Cal.*, 172. *Richards v. Leaming*, 27 *Ill.*, 431. 2 *Sugden's Vendors*, 683 (*in*) *d. Jackman v. Hallock*, 1 *Ohio*, 318. *Tiernan v. Beam*, 2 *Id.*, 383. *Brush v. Kinsley*, 14 *Id.*, 20. *White v. Williams*, 1 *Paige, Ch.*, 502.

*George W. Doane*, for Appellees, contended that the cases cited by the appellant were adjudications upon the assignability of a vendor's lien; that these cases seem to have been that notes had been given and then assigned, or where assignments had been made before suit was

brought; and that said cases turned upon the point of the assignment of the notes, the court holding that such assignment did not carry the lien. The case at bar is different from those cited by appellant, for here the assignment has been made after suit has been commenced, and under section forty-five of the code the action does not abate. *Gen. Stat.*, 529. *Goff v. Papin*, 34 *Missouri*, 177.

MAXWELL, J.

On the fourth day of September, 1872, Milton Rogers filed his petition in the district court of Douglas county against the Omaha Hotel Company, and lien-holders thereon, seeking to foreclose a mortgage on the hotel owned by said company. Samuel Cafferty, Richard Withnell and John Withnell, three of the defendants answered said petition, setting forth that they and one Kahler had furnished certain materials and performed certain labor in and about the erection of said hotel, in pursuance of a written contract, and that on the ninth day of November, 1872, they filed an account of such labor and material in the office of the county clerk of said county.

The court found that there was due said defendants the sum of ten thousand dollars, and the same was a valid and subsisting lien on the hotel building and the lots on which it stands, and that said lien had been assigned by said defendants to one Charles W. Hamilton, with authority to prosecute the same to judgment. Judgment in accordance with this finding was entered in the court below, from which plaintiff appeals.

The only objection raised by the plaintiff is, that a mechanic's lien cannot be assigned so as to entitle the assignee to maintain an action to foreclose the lien. Liens of this kind were clearly defined and regulated in the

civil law, but were unknown to the common law. The proceeding is entirely statutory. The common law right of lien arose in three cases.

*First.* Where the bailee had bestowed labor or expense to alter or improve chattels.

*Second.* Where the bailee was compelled to receive the chattels, as in case of a carrier.

*Third.* Where the party in possession had saved the chattels from peril by sea, or had recovered it after actual loss at sea or capture by an enemy. 2 *Cooley's Blackstone, Book II*, 452, *note*. In all these cases possession was necessary to enforce the lien, and if the bailee parted with the possession, his lien was gone. The courts have held that these liens are personal and cannot be transferred, and it is sought to apply the same principle to mechanic's liens.

At common law the assignment of a chose in action was entirely prohibited: *Coke Litt.*, 266, *a.* 10 *Coke*, 47. *Greenby and Kellogg v. Wilcocks*, 2 *Johns.*, 1. *Hodgson v. Dexter*, 1 *Cranch*, 347; although in equity the assignee might maintain an action in his own name, such an assignment being regarded in equity as a declaration of trust and authority to reduce the interest to possession. In the case of *Master v. Miller*, 4 *Term R.*, 320, the court held: "It is true that formerly the courts of law did not take notice of an equity or trust, for trusts are within the original jurisdiction of a court of equity; but of late years it has been found productive of great expense to send the parties to the other side of the Hall. Wherever this court has seen that the justice of the case has been clearly with the plaintiff, they have not turned him round on this objection. Then if this court will take notice of a trust, why should it not of an equity? It is certainly true that a chose in action cannot strictly be assigned, but this court will take notice of a trust, and consider who is beneficially interested;"

and although an action was thereafter permitted to be maintained in the name of the assignor for the use of the assignee, yet assignments were not favored at law. Section thirty of the code of civil procedure provides that "the assignee of a thing in action may maintain an action thereon in his own behalf without the name of the assignor." Section forty-five provides that "in case of a transfer of interest the action may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action." *General Statutes*, 528, 529. An action of this kind can be maintained by the assignee, unless the lien is strictly personal so that it is lost the moment it is transferred. Our statute provides that after the account is made and filed as required by law, it "shall from the commencement of such labor or furnishing of such materials, and for two years after the completion of such labor or furnishing of such materials, operate as a lien on the several descriptions of structures and buildings and the lots on which they stand." *General Statutes*, 468. Its continuance in no sense depends on retaining possession of the property. It is as complete and ample security for the payment of the debt as a mortgage of the same interest. It depends on no contingency for its continuance during the time prescribed by the statute.

"There are three points to be considered in the construction of all remedial statutes. The old law, the mischief and the remedy; that is, how the common law stood at the making of the act, what the mischief was for which the common law did not provide, and what remedy the parliament hath provided to cure this mischief. And it is the business of judges so to construe the act, as to suppress the mischief and advance the remedy." 1 *Blackstone Com.*, 87. The object of the law under consideration, being to secure the claim of

those who have contributed to the erection of a building, it should receive the most liberal construction to give full effect to its provisions. In many cases those furnishing labor or materials are men of scanty means, depending on their contract with the owner for payment as the work progresses, and the owner failing to discharge his just obligations, the contractor is compelled to assign his right to the money under the contract to raise sufficient means to fulfill his agreement. The fault is with the owner. Shall he also be permitted to take advantage of his own wrong, and have the lien declared invalid because assigned? Under our law, the assignee is subrogated to all the rights of the assignor, and may maintain an action in his own name. In the case of *Goff v. Papin*, 34 *Missouri*, 177, under a statute that appears to be similar to ours, the court held that the assignee of a mechanic's lien and demand, is a party to the contract by substitution, and can enforce it by suit without joining his assignor. There is a clear distinction between common law liens and a lien of this character, they being essentially secret in their character, and depending on possession of the property for their continuance, this is a matter of record and notice to all the world of its existence, and dependent on no condition for its continuance. With all due deference to the authorities cited by the appellant, we are clearly of the opinion that a mechanic's lien can be assigned, and that the assignee takes all the rights of the assignor. The judgment of the district court is therefore affirmed.

JUDGMENT AFFIRMED.

Mr. Justice Gantt concurred. Lake, Ch. J., having tried the cause in the court below, did not sit.