## JOHN D. KERR ET AL. *v.* WILLIAM MOORE.

1. LABORER'S LIEN.   *Act of April 5, 1872 (acts of 1872, p. 131).*
   The lien of a laborer, acquired under the provisions of the act of April 5, 1872 (acts of 1872, p. 131), like the lien of a mechanic, is assignable, and his assignee may assert the claim and enforce the lien in the same manner and to the same extent as the laborer.

2. AGRICULTURAL LIEN LAW.   *Writ of error not allowed.*
   The decision of the Circuit Court is final in the cases provided for by the act of April 5, 1872, whether the warrant is returnable to that court or the suit is appealed from a justice of the peace. Acts 1872, p. 134, § 9.

ERROR to the Circuit Court of Yalobusha County.
HON. O. DAVIS, Judge.

This was a proceeding by writ of seizure, under the act of April 5, 1872, entitled "An Act to secure the payment of wages for labor and liabilities for supplies" (Acts 1872, p. 131), instituted before a justice of the peace by John D. Kerr and John H. McAfee, comprising the firm of Kerr & McAfee, against William Moore, the land-owner. Kerr & McAfee founded their claim on the following assignment by John A. Cook, the laborer: —

"OAKLAND, MISS., Nov. 20, 1873.

"For and in consideration of value received, I hereby transfer all my right, title and interest in the crop or crops of Wm. Moore, for the present year, that is vested in me under an act of the legislature of this State of April 5, 1872, entitled 'An Act to secure the payment of wages for labor and liabilities for supplies,' or so much thereof as will secure the sum of $71.91, to Kerr & McAfee. This instrument is to secure to the said Kerr & McAfee the aforesaid amount of $71.91, which is now due them for supplies advanced to me upon the present crop of 1873, or upon the faith of my wages based upon said crop of W. Moore.

his<br>
"JOHN   X   A. COOK."<br>
mark.

The defendant Moore raised the point that the statutory lien was not transferable.

From a judgment by the justice of the peace for the plaintiffs, the defendant appealed to the Circuit Court, which, upon the ground that the lien was not assignable, dismissed the case. To review that judgment, the plaintiffs sued out this writ of error.

*W. S. Eskridge*, for the plaintiffs in error, contended that the lien was assignable, citing *Ashby* v. *Carr*, 40 Miss. 64; *Vanhouten* v. *Reily*, 6 S. & M. 440; *Pass* v. *McRea*, 36 Miss. 143; *Montgomery* v. *Dillingham*, 3 S. & M. 647; *Anderson* v. *Miller*, 7 S. & M. 586; *Miller* v. *Helm*, 2 S. & M. 687; *Lambeth* v. *Elder*, 44 Miss. 80.

*Hemingway & Harris*, on the same side.

1. On the assignability of the lien, cited 40 Mo. 260; Houck on Liens, § 199; 10 Wis. 331; 36 Maine, 384; 15 Gratt. 83; 7 Cal. 388; 34 Mo. 177; 50 Mo. 158; 8 Nev. 219; Phillips on Mechanics' Liens, 80; 30 La. 444; 17 Ind. 470.

2. The act of April 5, 1872, does not preclude an appeal in this case from the Circuit to the Supreme Court. The statute special, in contravention of the general law of appeal in olving an amount over fifty dollars, in derogation of the customs, principles and provisions of practice, and would be manifestly unjust if applied against the plaintiffs in error in this case. It should be strictly construed, and not extended in its application beyond its express terms.

*W. R. Barksdale*, for the defendant in error.

1. That a mechanics' lien is not assignable, see Phillips on Mechanics' Liens, § 54, and authorities there cited; *Rollin* v. *Cross*, 45 N. Y. 766.

2. No personal judgment can be rendered against the defendant in a proceeding to enforce a mechanics' lien, except in cases where the lien is established. Phillips on Mechanics' Liens, §§ 446–449.

3. The question of jurisdiction we regard as settling this case against the appellants, no matter what view this court may take of it. The act of April 5, 1872, § 9 (acts of 1872, p. 134), makes the decision of the Circuit Court final.

CAMPBELL, J., delivered the opinion of the court.

The question chiefly discussed by counsel in this case is as

to the assignability of the lien of a laborer for his wages under the act of April 5, 1872, so as to entitle his assignee to assert it; and, responding to the argument, we will announce our conclusion on this question, although we shall dispose of the case on another.

The lien given by law to the laborer for his wages has been properly likened to that of a mechanic or material-man, for what is due him. The authorities are very conflicting as to the assignability of a mechanics' lien. Some maintain it, others deny it, and others uphold it where the transfer is not absolute, but partial, and the proceeding to enforce it is for the benefit of the mechanic. The decided weight of authority and reasoning, according to our view, is in favor of the assignability of the lien of a mechanic, and the right of his assignee to assert his claim and enforce the lien, in the same manner and to the same extent that the mechanic could. This view is sustained by the following authorities: *Iaege* v. *Bossieux*, 15 Gratt. 83; *Tuttle* v. *Howe*, 14 Minn. 150; *Skyrme* v. *Occidental Co.*, 8 Nev. 219; *Davis* v. *Bilsland*, 18 Wall. 659; *Ritter* v. *Stevenson*, 7 Cal. 388; Phillips on Mechanics' Liens. We hold that the lien of a laborer for wages is assignable, and that his assignee may enforce it, just as the laborer could. This view better accords with the general policy of our law, and the spirit and purpose of the act which gives the laborer a lien, than the contrary view.

We are constrained to dismiss the writ of error in this case, because we cannot escape the conclusion that § 9 of the act of April 5, 1872, p. 134 Pamphlet Acts, provides that the decision of the Circuit Court, in cases provided for by that act, shall be final. The last clause of the section is plainly applicable to all the preceding part, and must be held to embrace decisions of the Circuit Court on appeals from justices of the peace, as well as those in which the warrant is made returnable to the Circuit Court.

*Writ of error dismissed.*