## JOHN BEST v. BAUMGARDNER, EBERMAN & CO.

ERROR TO THE COURT OF COMMON PLEAS OF LANCASTER COUNTY.

Argued May 17, 1888—Decided October 1, 1888.

1. The act of May 18, 1887, P. L. 118, extending to all the counties of the state the act of May 1, 1861, P. L. 550 (which authorizes mechanics' liens for repairs, etc., to buildings in Chester, Delaware and Berks counties, extended to Lancaster county by act of March 22, 1865, P. L. 580), but with the proviso that to entitle to the benefit of the act, the claimant must give notice to the owner or reputed owner, of his intention to file a lien, supersedes and repeals the said acts of 1861 and 1865 by necessary implication.

2. Although, in a lien filed under the act of 1887, a portion of the materials claimed for was furnished before its passage, yet the proviso as to the notice necessary does not render the act inapplicable to such a claim for lien: The remedy by a mechanics' lien is a creature of statute, in-

Statement of Facts.

tended to favor certain classes of persons; the power which gave it may at any time take it away, without an impairment of the obligation of a contract.

Before GORDON, C. J., PAXSON, GREEN, CLARK and WILLIAMS, JJ.; TRUNKEY and STERRETT, JJ., absent.

No. 418 January Term 1888, Sup. Ct.; court below, No. 34 March Term 1888, C. P.

On January 26, 1888, a scire facias was issued upon a mechanics' lien filed by Thomas Baumgardner and others, partners as Baumgardner, Eberman & Co. against John Best, owner or reputed owner, and Israel P. Mayer, contractor. With the praecipe, an affidavit of claim was filed, in which the sum of $260.25 was alleged to be due from the defendants, with interest from July 9, 1887.

The claim was filed on December 8, 1887, for lumber and other materials, mill-work and hauling, furnished at the instance and request of said Israel P. Mayer for and about the erection of an addition to the dwelling-house of the owner or reputed owner, between May 16, 1887, and July 1, 1887, with bill of particulars attached.

On February 7, 1887, John Best filed an affidavit of defence, in which it was averred:

That he, the said John Best, is the owner of the land described in said lien filed and on which the addition to the building therein described was built and constructed; that the materials therein named and in the bill of particulars set forth, were furnished on the order of and to Israel P. Mayer, with whom he, the said John Best, had a contract to erect said addition for the sum of $560.

That he paid the said Israel P. Mayer the said sum of $560, and $331.60, additional, for extra work and materials therefor, which was in full for all work and materials for said addition.

That the said plaintiffs, or any or either of them, did not, at the time of furnishing said materials or for a long time thereafter, give notice to the said John Best, the owner of the said property, of their intention to file a lien for said materials furnished, as in said lien set forth, or to his agent or to any one for him; and in fact no notice was given to or demand made from him until after he had paid the said Israel P. Mayer in full for all work done in and about said addition.

Opinion of Court below.

On February 28, 1887, judgment was taken against Israel P. Mayer, contractor, for $269.88, for want of appearance, and the same day the plaintiff entered a rule upon John Best, the owner, for judgment for want of sufficient affidavit of defence, and under the practice filed reasons, the material one of which was:

4. Said John Best having admitted in his affidavit of defence that he had a contract with Israel P. Mayer to erect said addition for five hundred and sixty dollars, the plaintiffs cannot be prejudiced by reason that notice was not given to said John Best at the time the materials were furnished, there being no law requiring such notice to be given to said defendant, John Best, when said contract was made for the erection of said addition, and there was no such law in existence until considerable of the material had been furnished.

The rule for judgment having been argued, the court, LIVINGSTON, P. J., on March 28, 1888, filed the opinion and decree following:

\* \* \* \* \* \* \* \*

Was it necessary that plaintiffs should have given him such notice, to enable them to file a valid lien in this case?

Mr. Best, in his affidavit of defence, does not deny that the materials specified in the bill of particulars filed with the lien, were furnished on the credit of, and were used in the erection and construction of the addition or building; that the prices were not proper, or that the building was commenced before or at the time of the purchase of and delivery of the material. Indeed, it is admitted that the plaintiffs so furnished the material and that it went into the addition or building.

In support of his position, Mr. Best's counsel cites Evans v. Montgomery, 4 W. & S. 218, to show that "The legislature may pass laws altering, modifying, or even taking away remedies for the recovery of debts, without incurring a violation of the provisions of the constitution, which forbid the passage of ex post facto laws, or laws impairing the obligation of contracts." Also, the act of June 17, 1887, P. L. 413, § 2 of which declares that "All buildings and machinery made liable to a mechanics' lien by the laws of this commonwealth, to a contractor or material-man, for work done or materials fur-

nished for or about the erection, construction or repairs thereof, shall also be liable to a mechanics' lien for any work done on said building and machinery by any sub-contractor, mechanic or laborer. No material-man shall have a right to file a lien, unless notice of the amount and character of such claim be given to the owner or reputed owner, his authorized agent or attorney, when the material is delivered on the premises, or within ten days thereafter: Provided, such sub-contractor, mechanic or laborer shall file his claim within sixty days, setting forth the nature of the work and when the same was done, in the proper county, as other mechanics' liens are filed." * Also, Roth v. Hobson, 21 W. N. 64, in which a mechanics' lien was filed by plaintiffs as sub-contractors, for tin roofing, water conductors, etc., alleged to have been furnished to a building belonging to defendant Hobson, and for which defendant Hannum was contractor. The items in the bill of particulars bore date between August 20, 1887, and October 21, 1887, and the lien was filed December 10, 1887. There was no averment in the claim that notice had been given as required by the act of June 17, 1887.

This case was clearly covered by the statute; the plaintiffs were sub-contractors, and the work was done and all materials furnished a considerable time after the passage of the act of June 15, 1887, and as the notice required by the act had not been given, the rule to strike off the lien was very properly made absolute. In Pennsylvania, the "mechanics' lien" is of an arbitrary character; it requires no precise formula to be followed before it attaches, but attaches at once, binding the property from a designated event, the commencement of the building, and for a specified time. It is a constructive or secret lien in its commencement, and dates back. The act of June 16, 1836, P. L. 695, directs that it shall have priority over every other incumbrance attaching after the commencement of the building, if filed within six months after the last work shall have been done, or materials furnished.

What is to be understood by the commencement of the building? The common understanding of the phrase is, that

---

* This act of June 17, 1887, P. L. 413, is held to be unconstitutional: Titusville Iron Works v. Keystone Oil Co., 122 Pa.

it is the first labor done on the ground which is made the foundation of the building, and which forms part of the work suitable and necessary for its construction. Mechanics' liens commence at the date of the first stroke of the ax or spade used in making the house, without regard to the time of their being filed, or the doing of the work or furnishing materials, if filed within the statutory period.

In the case before us, as was stated in the argument, all the material had been contracted for, and all except a few of the last items of the bill delivered at the building, prior to the passage of the act of June 17, 1887, and as the mechanics' lien dates back to the commencement of the building, it had attached under the law, prior to the passage of the act requiring notice to be given to the owner, and notice was not in this case required or necessary, and therefore, the affidavit of defence filed is insufficient, and judgment must be entered for plaintiffs.

We accordingly, now, enter judgment for plaintiffs, for the amount of the claim filed, with interest, to wit, $270.21.

Thereupon the defendant took this writ and assigned as error the entry of judgment in favor of the plaintiffs.

*Mr. Wm. Aug. Atlee*, for the plaintiff in error:

1. By § 1, act of May 1, 1861, P. L. 550, the general mechanics' lien law is extended "to debts contracted for work done or materials furnished for or about the repair, alteration of, or addition to any house or other building; provided, that this act shall apply only to Chester, Delaware and Berks counties." This act was extended to Lancaster county by the act of March 22, 1865, P. L. 580, and by the act of May 18, 1887, P. L. 118, to all the counties of the commonwealth, with a proviso, "that to entitle any one to the benefits of this act, he shall give notice to the owner or reputed owner of the property, or his or her agent, at the time of furnishing the materials or performing work in and about the repairs, alterations or additions to any house or other building, of his intention to file a lien under the provisions of this act." By a mischance, the learned judge of the court below, usually so careful and accurate in the citation of authorities, understood that this

case was argued under the act of June 17, 1887, P. L. 413, and under his views of that act decided it in favor of the plaintiffs.

2. By the act of May 18, 1887, however, notice of the intention to file the claim must be given to the owner or his agent at the time of furnishing the materials. In this case, no notice was given until months after the last item was furnished, and after the contractor had been paid in full. Shall this bill again be paid by the defendant? The position that because some of the articles had been furnished before the act was passed it did not apply, is clearly incorrect. The mechanics' lien law is the creature of statute, the remedies under it are controlled and governed by the statutes in force at the time of entry or enforcement, and may be altered, changed or wholly annulled by a change or repeal of the statute before final recovery: Evans v. Montgomery, 4 W. & S. 218.

*Mr. B. F. Montgomery*, for the defendants in error:

1. It is admitted that under the acts of 1861 and 1865, the plaintiffs had the right to file their claim for a lien without giving notice of their intention to the defendant. But the defendant claims that the act of 1887, deprives the plaintiffs of this right. The materials were contracted for, and some of them delivered before the act of 1887 was passed; the contract was entire and the lien having attached on May 16, 1887, when the first materials were furnished, no subsequent legislation could divest it: Wartman v. Philadelphia, 33 Pa. 202; Penrose v. Canal Co., 56 Pa. 46.

2. But does the act of May 17, 1887, P. L. 118, apply to Lancaster county? The act of May 1, 1861, § 1, P. L. 550, and the act of March 22, 1865, P. L. 580, are special and local statutes. The proviso to the act of 1887, is that "to entitle any one to the benefit of *this* act, he shall give notice," etc., and there is no repealing clause whatever; clearly indicating that the act was to apply to those counties which did not have a remedy in this class of cases. Moreover, rarely, if ever, does a case arise where it can justly be held that a general statute repeals a local statute by mere implication; the leaning of courts is strongly against such construction: Malloy v. Reinhard, 115 Pa. 25; Seifried v. Commonwealth, 101 Pa. 200; s. c. 104 Pa. 179;

Brown v. Commissioners, 21 Pa. 37; Evans v. Phillipi, 117 Pa. 226.

*Mr. Atlee*, in reply:

This court has said of the act of May 1, 1861, that it was amendatory and not explanatory of the act of 1836: Hancock's App., 115 Pa. 1. Now, an act which is amendatory of a public act must in itself be a public act. Besides, the act of May 18, 1887, enacts that the act of May 1, 1861, "be and the same is hereby extended to all the counties of this commonwealth." If language means anything, this would enlarge a local statute into a general one: Keller v. Commonwealth, 71 Pa. 413.

OPINION, MR. JUSTICE GREEN:

The act of May 1, 1861 P. L. 550, gave to mechanics and material men a lien for repairs, but limited its operation to the counties of Delaware, Chester and Berks. The act of March 22, 1865, P. L. 580, simply extended the act of 1861 to the county of Lancaster. The act of May 18, 1887, P. L. 118, extended the act of 1861 to all the counties of the commonwealth, but added two provisos, by the latter of which it is enacted that the claimant must give notice of his intention to file a lien, in order to be entitled to the benefit of the act. The acts of 1861 and 1865 contained no such requirement. It is, however, perfectly plain that it was the intention of the legislature by the act of 1887 to give a lien for repairs by general law applicable over the whole commonwealth, but subject to the condition that the claimant shall give notice of his intention to file a lien to the owner when the materials are furnished or work done. As this condition was not imposed by the act of 1861, it is necessarily and materially inconsistent with that act; but as the act of 1887 was clearly intended to cover the same subject matter as the act of 1861, by way of general instead of local law, it must be regarded as a substitute for the latter, and the latter must therefore yield. If it does not, we would have one kind of law upon this subject in the four counties named, and another and different kind of law upon the same subject, in the remaining counties of the commonwealth. And this, too, although the act of 1887 extends the act of 1861, not to the remaining, but to all the counties of the commonwealth,

thus expressly including the four counties named in the acts of 1861 and 1865, as well as all the other counties. In this respect the act of 1887 supersedes the previous acts, and therefore repeals them by necessary implication: Nusser v. Commonwealth, 25 Pa. 126 ; Keller v. Commonwealth, 71 Pa. 413.

The only remaining question is whether, inasmuch as a few of the articles in question were sold and delivered a day or two before the passage of the act of 1887, that act is, therefore, inapplicable. That act was undoubtedly the law of the state when the delivery of the goods was completed, when the lien was filed, and when the present action was commenced. Such being the case, it would be clearly applicable unless the right to have the lien is to be regarded as so imbedded in the contract of sale as to become a part of its obligation, impregnable against any subsequent legislation. But the mere statement of that proposition is its refutation. The contract of sale is but a sale, conferring, of course, whatever rights are essential to it as a sale, but quite distinct from the matter of the remedies which the law affords for its enforcement. These may be greater or less, more favorable in some cases than in others, but they are remedies still. In an eminent degree is this true of the remedy by claim of lien. It is a pure creature of statute, favoring and intended to favor certain classes of persons, and not all alike, formerly having no existence, and latterly a somewhat wider scope. The power which gave it may at any time take it away entirely, and still not in any sense become answerable to the imputation of impairing the obligation of contracts. How much more may that same power modify or restrict the remedy, or re-arrange the terms upon which it may be invoked and exercised? In the present case the remedy may not be used unless a notice of intention to resort to it is previously given. Surely this provision in no manner touches the obligation of the contract, and hence the constitutional objection has no application.

Judgment reversed, and new venire awarded.