S. A. BROWN & Co. v. SCHOOL DISTRICT No. 84, IN NEOSHO COUNTY.

MECHANIC'S LIEN—*Rights of Firm.* A lien which has accrued to a partnership, for lumber and material furnished, is not lost by the retirement of one of the persons composing the copartnership, and the associating of another person with the remaining partner, who continue the business under the same name and as the successors of the old firm. A statement for a mechanic's lien may be filed within the statutory time by the new firm, as the successors in interest of the firm furnishing the lumber and material.

*Error from Neosho District Court.*

ACTION by E. C. Robinson and Owen McNulty, doing business as *S. A. Brown & Co.*, against *School District No. 84*, Neosho county, to foreclose a material-man's lien for the erection of a school-house. On a judgment for defendant, on demurrer to the petition, plaintiffs bring error.

*S. S. Kirkpatrick*, and *Hutchings, Keplinger & Miller*, for plaintiffs in error.

*John Dunsmore*, for defendant in error.

Opinion by GREEN, C.: This was an action to foreclose a material-man's lien, commenced in the district court of Neosho county. It was alleged in the petition that S. A. Brown and Owen McNulty, a firm doing business under the name of S. A. Brown & Co., furnished the lumber and building material, for which a lien was claimed, to John S. Huntley, who had the contract for the erection of the school-house for the defendant in error; that subsequent to the furnishing of the lumber and material, and prior to filing the statement for a lien, S. A. Brown retired from the firm and was succeeded by E. C. Robinson, but that the firm-name was not changed; that E. C. Robinson and Owen McNulty, doing business under the firm-name of S. A. Brown & Co., purchased the account of the old firm of S. A. Brown & Co. against the

contractor, and were the successors in business of such firm. The statement for a lien was verified by Thomas McNulty, who had been the agent of the old firm and was also the agent of the new copartnership, claiming the lien and all rights under the assignment. The school district demurred to the petition, upon the ground that the claim of the old firm was not assignable to the new copartnership so as to authorize the assignees to claim the benefit of the lien law. The demurrer was sustained by the court, and the plaintiffs elected to stand upon the petition; and bring the case here, and now ask for a reversal of the judgment of the district court in sustaining such demurrer. The pleadings fairly raise the question of the right of the plaintiffs to a material-man's lien, as the successors of the firm furnishing the lumber and material. The lien was filed before the passage of the law of 1889, ¶ 4736, General Statutes of 1889, which expressly authorizes an assignment of all claims for liens.

As stated by the plaintiffs in error, the question is whether anyone except the material man or the laborer can enforce the rights which vest in one who performs labor or furnishes material under the conditions and terms stated in the mechanics' lien law of this state. Three different rules have been established in the several states upon this question. First, that the right to a lien is personal, and cannot be assigned. Second, the action to enforce a lien must be in the name of the assignor, but, subject to this restriction, the lien is assignable. Third, that the right to a lien is assignable as any other security, such as a mortgage, and upon the assignment of the debt the shadow follows the substance, and an action may be brought in the name of the real party in interest. (Phil., Mech. Liens, § 54.)

This case, in our judgment, stands more upon the right of succession than of assignment. There was not a complete change in the *personnel* of the firm; one member remained, and the law gave to the new copartnership the same rights as material men as the old firm possessed. Had one of the partners died, or had there been a sale of the interest of one to the other, we do not think the right to a lien would have been thereby

lost.   It was said in the case of *Busfield v. Wheeler*, 14 Mass. 139:

"A lien which has accrued to a partnership, for work done, and money expended upon machinery, is not lost by the dissolution of the firm and the assignment by one partner of his interest therein to the other; but in such case the partner to whom the claim and lien have been assigned may enforce the same in the name of the firm."

It has been held by this court that, when a mechanic's lien is created for material furnished, the right to a lien becomes a vested right at the time the material is so furnished which the legislature cannot take away. (*Weaver v. Sells*, 10 Kas. 609.)   If it be a vested right, we do not see why the new firm did not obtain it by succession of interest.   We think, however, the greater weight of authorities, as well as the logic of the rule, supports the proposition that a mechanic's lien is assignable, and that an assignee may maintain an action to enforce the same in his own name.   The true rule for the guidance of courts has been stated in 1 Blackstone's Commentaries, 87:

"There are three points to be considered in the construction of remedial statutes: the old law, the mischief, and the remedy; that is, how the common law stood at the making of the act, what the mischief was for which the common law provided, and what the remedy the parliament hath provided to cure this mischief.   And it is the business of judges to so construe the act to suppress the mischief and advance the remedy."

The right to a lien upon real estate for improvements by labor or material did not exist at common law.   The right as it now exists in our American system of jurisprudence is statutory.   It will readily be discerned that the object of such a law is to give security to the laborers and the material men who have contributed to the erection of buildings or other improvements, and the courts have said that the law should receive such a construction as will give force and effect to its provisions.   Laborers, contractors and material men may be compelled, by force of circumstances, to assign their

claims for labor and material furnished, it may be by the failure of the owner to meet his obligations for improvements. Why should not the party entitled to a lien have the same right to assign. his right to the money due him for labor or material, and with it the security which the law gives him, the same as a party who holds a mortgage or other security? Upon this question the supreme court of Virginia has stated the rule, in a case involving the assignability of a mechanic's lien:

"It is said and authorities have been cited to show that such a statute is to be construed strictly, and it is contended that it is intended exclusively for the benefit of the builder and material man. No case has been cited affirming that a contract under such a statute cannot be assigned. There is nothing in public policy or in the language or the policy of our act to forbid it; and if the statute be exclusively for the benefit of the builder and material man, it would certainly impair the value of his lien to declare it non-assignable. It might prejudice him by depriving him of credit which he might otherwise obtain to prosecute his undertaking, and thus also operate a disadvantage to the owner, whilst the latter can in no respect be injured by the assignment, because the assignee takes the obligation subject to the same equity to which it was subject in the hands of the obligee, and must allow all just discounts not only against himself but against the assignor before notice of assignment." (*Iaege v. Bossieux*, 15 Gratt. 83.)

The following authorities also fully sustain the doctrine of the assignability of a mechanic's lien: *Rogers v. Hotel Co.*, 4 Neb. 54; *Tuttle v. Howe*, 14 Minn. 145; *Jones v. Hurst*, 67 Mo. 568; *Goff v. Papin*, 34 id. 177; *Skyrme v. Mining Co.*, 8 Nev. 219; *Mason v. Germaine*, 1 Mont. 263; *Kerr v. Moore*, 54 Miss. 286; *A. & N. W. Rly. Co. v. Daniels*, 62 Tex. 70; *Railroad Co. v. McCaughey*, 62 id. 271; *Davis v. Bilsland*, 18 Wall. 659; *Midland Rly. Co. v. Wilcox* (Ind.), 23 N. E. Rep. 508; *Brown v. Harper*, 4 Ore. 89; *German Bank v. Schloth*, 59 Iowa, 316; 15 Am. & Eng. Encyc. of Law, 102.

It is recommended that the judgment of the district court be reversed, and that the case be remanded with instructions

to the court to overrule the demurrer to the plaintiff's peti-
tion.

By the Court: It is so ordered.

All the Justices concurring.