HARRISON, J., GAROUTTE, J., VAN FLEET, J.

---

[No. 18176.　In Bank.—September 5, 1894.]

## GEORGE O. DUNCAN, RESPONDENT, *v.* C. H. HAWN ET AL., APPELLANTS.

LABORER'S LIEN—THRESHING-MACHINE—ASSIGNMENT.—The laborer's lien given by statute upon threshing-machines passes by the assignment of the claim of the laborer which the lien is given to secure, and may be enforced by the assignee, by foreclosure of the lien for the value of the labor, within the time of limitation fixed by the statute.

ID.—ASSIGNABILITY OF LIENS—POSSESSION—ASSIGNMENT OF CLAIM—LIEN AS INCIDENT.—If the existence of a lien does not depend upon possession it may be assigned, and the assignment of the claim carries with it the right to the lien as an incident.

APPEAL from a judgment of the Superior Court of Fresno County.

The facts are stated in the opinion of the court.

*George E. Church*, for Appellants.

*W. D. Grady*, and *James Gallagher*, for Respondent.

VAN FLEET, J.—An act of the legislature entitled "An act to secure the wages of persons employed as laborers on threshing-machines" (Stats. 1885, p. 109), provides:

"SECTION 1. Every person performing work or labor of any kind in, with, about, or upon any threshing-machine, the engine, horse-power, wagons, or appurtenances thereof, while engaged in threshing, shall have a lien upon the same to the extent of the value of his services.

"SEC. 2. The lien herein given shall extend for ten days after the person has ceased such work or labor.

"SEC. 3. If judgment shall be recovered in any action to recover for said services for work or labor performed, and said property shall be sold, the proceeds of such sale shall be distributed *pro rata* to all judgment creditors, who have within ten days begun suits to recover judgments for the amount due them for such work.

"SEC. 4. The lien shall expire unless a suit to recover the amount of the claim is brought within ten days after the party ceases work."

Plaintiff, as assignee of the claims of certain laborers who had performed work of the character provided for in the act with the threshing-machine of the defendants, brought this action within the ten days' limitation to enforce and foreclose a lien for the value of said labor. The court below gave judgment sustaining plaintiff's right to the lien and directing a sale of the property for its satisfaction. The defendants appeal.

The material question involved in the appeal is whether the lien given by the statute passes by the assignment of the obligation it is given to secure, it being conceded that the assignments were sufficient in form to convey any rights which could pass under the law.

There is a conflict in authority from other states as to whether statutory liens of the class created by the act in question pass by assignment of the debt; some of the authorities holding that it is strictly a personal right and dies unless asserted in the hands of the one for

whose benefit it is primarily given; while other cases hold in effect that, being given as security for the performance of the obligation, it becomes an incident which follows it upon assignment.

Whatever may be the rule in other states, in the absence of statutory regulation, it would seem that the code solves the question here presented. Section 2909 of the Civil Code, speaking on the subject of liens in general, declares that " a lien is to be deemed accessory to the act for the performance of which it is security"; and section 1084 of the same code, relating to the effect of transfer, provides that: " The transfer of a thing transfers also all its incidents, unless expressly excepted." The language of section 2909 may be taken as referring to perfected and subsisting liens. It is to be observed that the statute under consideration does not give a mere right to establish a lien, but by its terms *ipso facto* the cessation of work, there results by operation of the statute a perfected and established lien which subsists for a period of ten days, without the filing of notice, or other affirmative act by the laborer. Under the rule above declared this lien becomes an incident of the primary obligation—the debt due the laborer—the right to which must be held to pass by assignment of the latter, unless there is something in the act creating it which takes it out of this general rule prescribed by the code. We find no such limitation in the act. It neither in terms nor by implication tends to restrict the right to enforce the lien to the laborer. Its primary purpose is the benefit and protection of the laborer in securing his hire; and it is obvious that this purpose would be largely destroyed by any such restriction.

As suggested by the supreme court of Maine in speaking of a similar lien: " The object of the statute giving the lien is to make certain the payment for the labor . . . . and it would detract much from the benefit designed to be conferred to hold that the laborer must necessarily personally incur all the delay and expense

that not unfrequently arise from the tedious litigation which follows an effort to enforce a lien of this sort, at the peril of losing it altogether." (*Murphy* v. *Adams*, 71 Me. 113; 36 Am. Rep. 299.) In that case as here the court were passing upon the question of the assignability of a lien of this character, and it is there further said: "The claims of laborers secured by statute lien stand substantially in this respect upon the same footing as those of mechanics. The weight of authority and reasoning is in favor of the assignability of the lien of a mechanic and the right of his assignee to assert his claim in the same manner and to the same extent as the mechanic could."

Indeed, independently of the provisions of our code we should be strongly inclined to the conclusion above expressed. The conflict upon the subject has doubtless largely arisen from a failure to distinguish between common-law liens, to the existence of which possession, actual or constructive, is necessary, and those liens of purely statutory origin which had no existence at common law. In the case of *Rogers* v. *Omaha Hotel Co.*, 4 Neb. 57, the court in discussing a lien given by the statute point out this distinction, saying: "Liens of this kind are clearly defined and regulated in the civil law, but were unknown to the common law. The proceeding is entirely statutory. . . . . At common law the assignment of a chose in action was entirely prohibited. . . . . Section 30 of the Code of Civil Procedure provides that the assignee of a thing in action may maintain an action thereon in his own behalf, or the name of the assignor. . . . . An action of this kind can be maintained by the assignee, unless the lien is strictly personal so that it is lost the moment it is transferred. . . . . Its continuance in no sense depends on retaining possession of the property. It is as complete and ample security for the payment of the debt as a mortgage of the same interest. It depends on no contingency for its continuance during the time prescribed by the statute." In *Kerr* v. *Moore*, 54 Miss. 288, speaking of a laborer's lien

under the agricultural lien law, the court said: "The lien given by law to the laborer for his wages has been properly likened to that of a mechanic or materialman for what is due him. . . . . The decided weight of authority and reasoning, according to our view, is in favor of the assignability of the lien of a mechanic, and the right of his assignee to assert his claim and enforce the lien, in the same manner and to the same extent that the mechanic could. This view was sustained by the following authorities: *Iaege* v. *Bossieux,* 15 Gratt. 83; 76 Am. Dec. 189; *Tuttle* v. *Howe,* 14 Minn. 150; 100 Am. Dec. 205; *Skyrme* v. *Occidental etc. Co.,* 8 Nev. 219; *Davis* v. *Bilsland,* 18 Wall. 659; *Ritter* v. *Stevenson,* 7 Cal. 388; Phillips on Mechanics' Liens, sec. 55. . . . . This view better accords with the general policy of our law, and the spirit and purpose of the act which gives the laborer a lien, than the contrary view." Liens which are not merely declaratory of the common law do not require possession to support them. They have the same operation without possession, and the same efficacy as common-law liens have with possession, and the assignment of the claim carries with it the right to the lien. If the existence of the lien does not depend upon possession it may be assigned. (1 Jones on Liens, secs. 104, 990.)

The cases relied upon by appellant do not support his contention. In *Mills* v. *La Verne Land Co.,* 97 Cal. 254, 33 Am. St. Rep. 168, the court simply hold that the mere right of a laborer or materialman to create a lien under the mechanics' lien law is a personal right which cannot be assigned. This is obviously correct, since until perfected by filing proper notice it is a mere inchoate right, personal to the individual, which he may choose to perfect or not at his pleasure, and which until perfected has no tangible existence as property, and, of course, as such is not the subject of transfer. In *Rollin* v. *Cross,* 45 N. Y. 771, the plaintiff filed a lien for the amount of all the work done and materials furnished, both by Pick, the original contractor, before assignment,

and by himself as assignee of the contract, and the court held that the statute did not authorize a lien to be perfected by other than the one to whom the right is given by the statute. The Iowa cases are to the same effect. But the assignability of the liens of mechanics and materialmen, given under our statute, when duly perfected has been sustained in this state since an early date. In *Brock* v. *Bruce*, 5 Cal. 280, it was held that the mechanics' lien law created a sort of mortgage or security, which follows the original debt or obligation; and in *Ritter* v. *Stevenson*, 7 Cal. 388, the rule applicable to the assignment of mortgage liens by assignment of the note or debt was applied to assignments of mechanics' liens. The lien under consideration being a perfected security is within the reason of the rule laid down in these cases. The respondent having received the assignment of the demands, and commenced his action during the life of the liens, the latter passed by the assignment, and he is entitled to enforce them.

Judgment affirmed.

BEATTY, C. J., McFARLAND, J., DE HAVEN, J., FITZGERALD, J., and GAROUTTE, J., concurred.