## PETER FINK *v.* J. L. HENDERSON.

1. ASSIGNMENT. *Decree on publication. Rehearing. Right of defendant's assignee.* Code 1892, §§ 519, 520.

   The right given by §§ 519, 520, code 1892, to nonresident defendants against whom a final decree has been rendered on proof of publication only, to apply for a new hearing of the cause within two years thereafter, is assignable.

2. SAME. *Defendant's grantee.*

   A conveyance of land vests in the grantee by way of assignment all the rights of action and defense that his grantor had in respect thereto.

FROM the chancery court of Hancock county.

HON. W. T. HOUSTON, Chancellor.

Peter Fink filed his bill in the chancery court of Hancock county seeking a confirmation of a tax title to the land described in his bill. Clara Marks and all persons having an interest in the lands were made parties defendant. No personal service was obtained on any of the defendants, but publication was made for them according to law. No answer was filed, and a decree *pro confesso* and a final decree were taken, according to the prayer of the bill, confirming the tax title. A little over a year after the confirmation of the tax title, J. L. Henderson filed the petition in this case, seeking to reopen the decree, under §§ 519, 520, of the code of 1892. The petition alleged that at the time the bill was filed to confirm the tax title, the lands described therein belonged to the heirs of C. B. Beverly, setting out the chain of title, and averring that said Beverly died intestate, and the property descended to the heirs named in the petition; that they were nonresidents and knew nothing of the confirmation proceedings, and at that time had a good and complete defense to that suit; that before the petition was filed, the said Beverly heirs sold and conveyed the lands to petitioner. Defendants demurred to this petition, and the demurrer was sustained. Complainant amended, having, in the meantime, taken an assignment of the right of action and the right of the Beverly heirs to reopen the decree, and set them up as an exhibit to the amended petition. A demurrer was interposed to this amended petition, on the ground, among others, that the petitioner was not the owner of the land at the time of the commencement of the suit, or at any other time. This demurrer was overruled, and defendant appealed.

*E. J. Bowers*, for appellant.

Sections 519 and 520 of the code of 1892 prescribe the terms on which a decree rendered upon proof of publication may be reopened. By section 520 it is clear that the right to inter-

vene in a suit passed as this was is confined to the defendants
of record. The petitioner was not a party to the suit. On
the face of his petition he had no interest in the subject-matter,
either at the time of the rendition of the decree or when the
land was sold for taxes. He was not interested, in the mean-
ing of the law. The question is whether, under the terms of
the statute, he who purchases after the rendition of decree may
avail himself of the privilege reserved solely for the benefit of
defendants of record. The law was designed for the protec-
tion of nonresidents sued *in rem* in the state from the operations
of decrees rendered against them without their knowledge, and
not to be made the means of promoting litigation and inciting
champertous contracts. At the time of filing the original peti-
tion the appellee was the holder merely of defendants' right to
the land—such right as they had. They had no right in fact.
Their right had been stripped from them by the operation of
the tax deed and decree. They had no title—no legal interest— .
that could be conveyed. No deed emanating from them could
confer any rights upon appellee. They had no right of action.
They had only a right of defense, which was not assignable
even under our broad statute. Nor did they seek to assign this
right until after the original petition had been filed. The stat-
ute is to be strictly construed, and appellee is not entitled to
prolong or reopen this litigation.

*Henderson & Henderson* and *Ford & Ford*, for appellee.

We submit that there is nothing in the general policy of the
law, as announced by the courts of this state, on the question
of the assignability of rights, or choses in action, that calls for
any such strict or rigid construction of § 520 of the code, as
contended for by complainants. The deed from the Beverlys
to Henderson vested in him the entire estate of the Beverlys in
the land, and inseparably connected with the ownership is the
right to sue for possession, and incidental to that right is the
right to appear and procure the annullment of this illegal de-

cree.    This was a right of defense, which we submit is synony-
mous with a right or cause of action, and that right or cause of
action, unless it be for a tort, is assignable.

Section 520 is not in the category of laws calling for an in-
terpretation.    Its terms are plain.    It contravenes no rule or
principle of common law, and should be construed to meet the
manifest intention of the legislature—that is, to permit no de-
cree resting upon constructive notice to debar a timely applica-
tion by the owner of the *res* for a full and fair investigation
into the facts of complainant's claim.    There never was but
one principle of the common law that forbade the assignment
of rights of this character, namely, champerty, and that has
long since been abolished in this state.    Sec. 2423, code of
1892; *Cassedy* v. *Jackson*, 45 Miss., 397.

Besides this statute, which strikes down every restraint upon
the alienation of property, whether in possession or not, it has
always been the general policy of this state to facilitate the
transfer of property, whether by assignment or otherwise, and
to extend to the assignee, or purchaser, every remedy given by
the statute to the original holder.    For instance, the codes of
Mississippi prior to that of 1892, gave the assignee of the
holder of a mechanic's lien a right to enforce the lien, but they
all provide in express terms that the remedy was conferred
upon the "contractor alone."    See code of 1871, § 1604; code
of 1880, § 1379.    Yet the court has held such lien to be assign-
able, and that the assignee could enforce the remedy.    *Kerr* v.
*Moore*, 54 Miss., 286.    It was also held in the same case that
a lien given a laborer was assignable, also a landlord's lien.
*Newman* v. *Bank*, 66 Miss., 323.    The fact that the petition
does not negative the idea that Henderson knew, when he
bought the land, of the existence of the suit and decree, does
not affect his case, if he was otherwise entitled to pursue this
remedy.    *Jacks* v. *Bridewell*, 51 Miss., 887.

WHITFIELD, J., delivered the opinion of the court.

Appellee's quitclaim deed invested him with the title to the

land, and, as a necessary incident thereof, with the right to make any defense to the bill to confirm the tax title asserted against these lands which the grantees in such deed could have made. The grantors, if the statements of the amended petition, the demurrer to which was overruled, be true, were the "unknown nonresident owners of the lands," and, as such, parties defendant, by publication, to the bill; and their deed to appellee not only invested him with such title, but operated as an assignment to him of all rights of action or defense growing out of such title and ownership of said lands which had theretofore belonged to the grantors (assignors). The word "defendants," in §§ 519 and 520, code 1892, must be reasonably construed to embrace not only the "defendants" to the record, but all who succeed to their rights by assignment. The policy of our laws has been, increasingly, to facilitate the transfer of property by assignment and otherwise, and to invest assignees fully with all the remedies had by their assignors. Neither the general policy of our legislation touching the assignability of rights or choses in action, nor the manifest purpose of these particular sections, warrants the narrow construction that the right to reopen such decrees, passed on proof of publication only, against nonresident or unknown defendants, within the time prescribed, is to be limited to those only who are parties defendant to the bill, either known and named or unknown and unnamed, and proceeded against by publication as unknown. Appellee's grantors were, according to the allegations admitted by the demurrer, owners of the land at the time of the filing of the bill, and made appellee a deed before he filed his petition asking to be allowed to reopen the decree and file an answer. We think he was, by this deed, invested with all the rights of action or defense that the several heirs theretofore had, quite independently of the written assignment of February 6, 1895. As illustrative of the liberal policy of our jurisprudence on this subject, see § 2433, code of 1892, permitting the conveyance of land adversely held; *Kerr* v. *Moore*, 54 Miss., 286, as to the

assignability of a mechanic's lien and a laborer's lien, the latter under the act of April 5, 1872 (Acts 1872, p. 131). See, also, code 1871, § 1604 (code 1880, § 1379), which provided that the building, etc., should be liable to the "contractor alone," unlike the code of 1892, § 2699, which provides expressly for the enforcement of the lien in favor of the assigns of the "person employed;" and *Newman* v. *Bank*, 66 Miss., 323, as to assignability of landlords' and laborers' liens. The action of the chancellor was in accord with these views, and the decree is

*Affirmed and remanded.*