## MIDLAND VALLEY R. CO. v. McLEMORE et al.

No. 7467—Opinion Filed July 9, 1918.

Rehearing Denied Sept. 17, 1918.

(174 Pac. 1079.)

### Railroads—Laborer's Lien—Construction of Railway—Assignment.

Under section 3868, Rev. Laws 1910, laborers who performed work for a subcontractor in the construction of a railway roadbed have a lien against the property of the railroad for which the roadbed was constructed, notwithstanding the contract for the construction work was entered into prior to the taking effect of said law, and such lien is assignable, and may be enforced by the assignee thereof.

(Syllabus by Pryor, C.)

Error from District Court, Muskogee County.

Action by W. Y. McLemore and another against the Midland Valley Railroad Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

O. E. Swan, for plaintiff in error.

Bailey, Wyand & Broaddus, for defendants in error.

Opinion by PRYOR, C. This action was commenced to enforce lien against the Midland Valley Railroad Company, by the Bank of Porum, which held claims against the Midland Valley Railroad Company amount-

ing to $3,535.80.

On the 1st day of August, 1908, the defendant railroad company entered into a contract with Kahman & McMurry for construction work. The claim of the bank arises out of various claims of different laborers who performed work for the subcontractors in the construction of a roadbed for the defendant company. The claims of the laborers were assigned to the Bank of Commerce, plaintiff.

The question presented on appeal is whether or not there is a lien against the property of the railroad company in favor of the various claimants; and, second, if so, is such lien assignable? Section 3868, Rev. Laws 1910, provides:

"Every mechanic, builder, artisan, workman, laborer or other person, who shall do or perform any work or labor upon, or furnish any materials, machinery, fixtures or other thing towards the equipment, or to facilitate the operation of any railroad, shall have a lien therefor upon the roadbed, buildings, equipments, income, franchises and all other appurtenances of said railroad, superior and paramount, whether prior in time or not, to that of all persons interested in said railroad as managers, lessees, mortgagees, trustees, beneficiaries under trusts or owners."

This act went into effect on August 14, 1908, after the execution of the contract for the construction work; but there is no dispute that the labor for which the lien is claimed was performed after the act took effect. It is the contention of the plaintiff in error that to give this act the construction and effect which the trial court gave it would make the same retroactive in effect and render it unconstitutional, as impairing the obligations of a contract.

There seems to be some conflict of authority as to whether or not the lien statute gives a lien for material furnished and labor performed after the statute took effect under contract entered into before the taking effect of the statute. A fair construction of the statute seems to be that, where labor and material are furnished after the act has taken effect, the statute gives laborers and materialmen a lien, and that this construction would not render the act unconstitutional.

"The lien is but a means of enforcing the contract, a remedy given by law, and, like all matters pertaining to the remedy, and not to the essence of the contract, until perfected by proceedings whereby rights in the property over which the lien is claimed have become vested, it is entirely within the control of the lawmaking power, in whose edict it originated." Frosty v. Ilsley, 54 Me. 345.

Where labor is performed and material furnished after the taking effect of a lien statute, such labor or material constitutes a lien, notwithstanding the fact that the contract for furnishing of the material and performance of labor was entered into before the taking effect of the act. Best v. Baumgardner, 122 Pa. 17, 15 Atl. 691, 1 L. R. A. 365; Summerlin et al. v. Thompson et al., 31 Fla. 369, 12 South. 667; Knoxville, C. G. & L. R. Co. v. Hoge et al. (Ky.) 26 S. W. 534.

The language of the statute does not restrict the lien to labor performed and material furnished under contract entered into after the taking effect of the act, and there is nothing in such statute which would indicate that such was the intent or purpose of the Legislature; but the proper construction would seem to be that it would apply to all labor performed or material furnished after the taking effect of the act Such construction has been given similar statutes by courts of other states, and appears to be in keeping with, and not antagonistic to, the intent of the Legislature and sound principles of justice. It should therefore be held that such claims upon the property of the railway are deemed to be a lien, notwithstanding the fact that the contract under which the labor was performed and material furnished was entered into before the act took effect.

There is some conflict of authority on the question of whether or not such liens can be assigned; but the weight of authority is that such liens are assignable. Pere Marquette R. Co. v. Baertz, 36 Ind. App. 408, 74 N. E. 51; Austin R. R. Co. v. Rucker et al., 59 Tex. 587; Railroad Co. v. Daniels, 62 Tex. 70; Murphy v. Adams, 71 Me. 113, 36 Am. Rep. 299; Railroad v. Sturgis, 44 Mich. 539, 7 N. W. 213; Brown v. School Dist., 48 Kan. 709, 29 Pac. 1069; Insurance Co. v. Brown, 3 Kan. App. 225, 44 Pac. 35; Sutton et al. v. The Victorian, 26 Ore. 194, 41 Pac. 1103; Duncan v. Hawn et al., 104 Cal. 10, 37 Pac. 626; Rogers v. Hotel Co., 4 Neb. 54; Jones v Hurst, 67 Mo. 568; Phillips, Mech. Liens, § 54.

Under the above authorities, the assignment of the claims of the laborers to the Bank of Commerce carried with it the right to enforce the lien under the statute.

The judgment of the trial court, therefore, should be affirmed.

By the Court: It is so ordered.