## BRADEN COMPANY v. LANCASTER LBR. CO. et al.

No. 22376.   Dec. 11, 1934.

Allen, Underwood & Canterbury, for plaintiff in error.

Z. I. J. Holt, E. M. Lee, Chas. R. Nesbitt, and A. B. Campbell, for defendants in error.

Moss, Breckinridge & Young and S. F. Goldwyn, amici curiae.

ANDREWS, J. The Lancaster Lumber Company instituted an action in the district court of Tulsa county against W. J. Whittaker, the grantee of the real estate in question under an executory contract with the Braden Company, the Braden Company, the grantor in that contract, and certain other persons, firms, and corporations, who claimed liens on the property, for the purpose of judicially establishing a lien on the property and the extent and priority thereof.

The trial court rendered a judgment from which the Braden Company appealed, and from which the Lancaster Lumber Company appealed. No other appeals were taken and each of the other parties to the action is bound by the final judgment of the trial court.

The question was raised in some of the briefs that Whittaker was the agent of the Braden Company. The trial court specifically found against that contention, and since no appeal has been taken by any one adversely affected thereby, that question is not before this court and will not be determined.

The Lancaster Lumber Company contends that laborers' liens are not assignable. We do not agree with that contention, and we hold to the contrary. See Newman et al. v. Kirk et al., 164 Okla. 147, 23 P. (2d) 163; Mapel et al. v. Long-Bell Lumber Co. et al., 103 Okla. 249, 229 P. 793; Midland Valley R. R. Co. v. McLemore et al., 73 Okla. 102, 174 P. 1079; section 11007, O. S. 1931, and section 11016, O. S. 1931.

By the judgment of the trial court, the Lancaster Lumber Company was awarded a first and prior lien on the lot in a sum in excess of the value of the lot as shown by the record, and a lien on the improvements, separate from the real estate, of equal rank and priority with all general materialmen's liens thereon, and subject to the prior laborers' liens thereon, the same to be satisfied out of the proceeds from the sale of the real estate, separate from the improvements, and the deficiency, if any, to be satisfied out of the proceeds from the sale of the improvements separate from the real estate. That decree was based upon the finding that the Braden Company had waived its rights in favor of the Lancaster Lumber Company. The Lancaster Lumber Company complains of that decree and contends that it is entitled, in addition thereto, to a first and prior lien on the improvements. It seeks to have its lien established on the improvements prior to all labor and material liens. It bases that contention on its claim that the Braden Company was the owner of the real estate and improvements, and that neither Whittaker nor those who contracted with Whittaker, except the Lancaster Lumber Company, had any right, title, or interest in or lien on either the lot or the improvements. That contention would be correct if the general rule is applicable that improvements on a lot, which are made by or for an executory grantee of real estate, become a part of the real estate. Such is not the law of Oklahoma. Under its statutes the improvements constructed on a lot by or for one who is not the owner of the lot remain personal property in so far as the rights of laborers who labored on the improvements and materialmen who furnished the material for the improvements are concerned. Section 10975, O. S. 1931. Under that statute, a person who performs labor on, or furnishes material for improvements on, a lot has a lien on the improvements, separate from the real estate, even though the title to the land is not in the person with whom the contract for labor or material was made. The rights of the laborers and materialmen, other than the Lancaster Lumber Company, therefore, are to liens on the improvements, notwithstanding the fact that Whittaker who contracted for the labor and material was not the owner of the land, and their rights are not subordinate to the rights of the Lancaster Lumber Company, but as adjudged by the trial court. In view of the plain and unambiguous provisions of the statute, we do not consider it necessary to continue the discussion of that contention.

The Braden Company contends that no lien can attach to its interest in the real estate, except as to the Lancaster Lumber Company, for the reason that it made no contract with any of the other lien claimants. We agree with that contention. The trial court did not decree any of the other lien claimants

to have a lien on any of the real estate. They were decreed to have liens only on the improvements.

A good deal of the trouble evidenced by the record in this case is due to the decision of this court in Okmulgee Plumbing Co. et al. v. Comstock et al., 125 Okla. 245, 257 P. 320. By the decision in that case the owner of the lot was given a lien on the lot and improvements superior to the lien of laborers and materialmen who contracted with the executory-vendee, and it was said by this court that it was unwilling to place a construction upon the statute that would or might operate to deprive the legal owner of land of his vendor's lien, or make such lien subordinate to the lien of others who furnished material and labor to one in possession under an executory contract to purchase the land from the legal owner, in the absence of any contract with the legal owner to that effect. Therein this court overlooked the fact that the vendor had no lien on the improvements prior to the making thereof, for there were no improvements prior to that time. He acquired a lien on the improvements only when they were constructed. Under the lien statute, the laborers and materialmen acquired a lien upon the improvements when they performed labor or furnished material for the improvements. We decline to follow the rule stated in the Comstock Case, and it is specifically overruled.

We hold that when a laborer performs labor and when a materialman furnishes material for the construction of improvements on a lot under a contract with one who is not the owner of the lot, the laborer and the materialman have liens upon the improvements, separately from the real estate, which liens are superior to a vendor's lien for the unpaid purchase price of the lot. To hold otherwise is to defeat the plain and unambiguous provisions of the lien statute, for labor might be performed or material furnished in the construction of a building on a lot under a contract with the lessee of the lot, or under a contract with an interloper who was neither the owner nor entitled to possession of the lot. Under our statute, the lien of a laborer or materialman attaches to the improvements on the lot without regard to the title to the lot of the person with whom the contract for labor or material was made.

The judgment of the trial court requiring the Lancaster Lumber Company to exhaust its lien rights in the real estate before resorting to the improvements is in conformity with the provisions of section 10951, O. S. 1931.

We find no error in the judgment of the trial court, and it is in all things affirmed.

RILEY, C. J., and SWINDALL, OSBORN, and BUSBY, JJ., concur.