(*) PEARSONS *versus* TINCKER.

A party who, at the request of the debtor, advances money to pay to a third person his lien claim for services, in building a vessel does not thereby acquire a right to enforce the lien in his own name for a reimbursement.

A lien claim for such services cannot be enforced in the name of an assignee.

The taking of a judgment which includes both a lien claim and also a non-lien claim, is a waiver of the lien.

The inability of an officer to deliver property which he had attached on a writ does not dispense with the rule, that in order to fix his liability, a demand of the property should be made within thirty days from the judgment by an officer holding the execution.

The fixing of such liability upon the attaching officer cannot be facilitated by any waiver which the *receipter* for the property may make of a legal demand upon *himself*.

ON FACTS AGREED.

CASE.

J. & S. Snowman built a brig by contract. The plaintiff, a ship carpenter, labored for them upon the brig. For that labor the law gave to him a lien.

One Mudgett was the master builder, who also had a similar lien of $150.

At the request of the Snowmans, the plaintiff paid Mudgett that sum, and took from Snowmans their negotiable note therefor.

To avail himself of his lien, the plaintiff brought a suit against the Snowmans and seasonably attached the brig. Their writ contained a count upon the note and also one upon an account for the plaintiffs personal labor. The defendant, Tincker, was then sheriff, and the attachment was made by his deputy, Wardwell, who immediately permitted the vessel

to go into the hands of one Woodman upon his accountable receipt for a re-delivery. The brig soon afterwards sailed upon a voyage, and has never since been within the jurisdiction of the State. Prior to the recovery of the plaintiff's judgment against the Snowmans, Wardwell admitted to the plaintiff's attorney that the vessel was beyond the limits of the State, and that he should not be able to deliver her upon the execution.

Before that judgment, (in which the plaintiff included the amount due upon Snowman's note as well as upon the account for his own personal services,) one Redman had been appointed sheriff, in room of Tincker, this defendant.

Within thirty days from the judgment, execution was issued, but it does not appear to have been placed in the hands of any officer. Before the thirty days expired, Redman, though having neither the execution or the receipt, made a demand upon Woodman for the vessel. Upon this demand, which was made by Redman at the request of Wardwell, Woodman said "he would take no advantage of Redman's not having the execution in his hands."

This action is to recover for the fault of Wardwell in not keeping the brig to be sold on the execution.

*John A. Peters*, for the plaintiff.

The plaintiff had a valid lien under the statute for labor upon the brig. That labor was rendered partly by himself and partly by Mudgett. The payment of Mudgett's claim immediately transferred his lien rights to the plaintiff.

The plaintiff was subrogated to *all* the rights of Mudgett. You may say that the plaintiff labored in the person of Mudgett; or at least that Mudgett was laboring for him. It is not apparent why the labor of another, procured in that way, is not entitled to as much favor as one's own labor.

But if it should be the opinion of the Court that our lien claim was defeated by being united with a non-lien claim in the same judgment, we urge that, irrespective of our lien claim, we had a demand, sued in the usual form, which was valuable to us, and which we had a right to vindicate by the

attachment and sale of the vessel. The defendant or his deputy was bound to keep her for that purpose. Not having done so, the defendant is clearly liable, unless there be some objection to the sufficiency of the demand made on the receiptor..

The attaching deputy and his principal, this defendant, were both out of office, when the judgment was recovered and the execution obtained. Ordinarily it would have been necessary to demand the brig, within thirty days. Was it necessary to do.so here? After thirty days the officer has a right to restore to the debtor the property attached, unless notified to retain it for sale on execution. A demand operates merely as a notification not to. return it to the debtor. In this case there was no need to demand it, inasmuch as the property was not in the defendant's hands, nor in the State. A demand therefore could have had no effect, either upon the defendant or any body else. The default did not consist of a neglect to give it up when demanded on execution, but in allowing it to go back to the debtors when attached.

This point is clear upon principle, and is decided in *Phillips & al.* v. *Bridge*, 11 Mass. 242.

In *Higgins* v. *Kendrick*, 14 Maine, 87, the Court say, "if not called upon for the property within thirty days after judgment, unless the officer had put it out of his power to produce it, he might have a claim to be discharged," and they cite the case of 11 Mass. approvingly. See also *White* v. *Bagley*, 7 Pick. 288.

The officer had placed it out of his power to produce the property. In this case, however, there *was* a demand, or at any rate a valid waiver of a demand. The defendant's deputy had notice of the execution within the 30 days, and himself made answer to the demand, by requesting the new sheriff to make the demand upon the receipter. Any further demand would have been useless. His answers and directions are the best evidence that a demand was made. He knew of the execution; knew a demand would be useless; or else considered that a demand was already made on him,

and requests that we would make a demand on the receipter, instead of making it on him.

*Woodman,* for the defendant.

Appleton, J. — The lien given by R. S. c. 125, § 35, is only for the benefit of the person performing labor upon or furnishing materials for a vessel. The plaintiff might have enforced this lien for his own but not for the labor of another. The note given for the labor of Mudgett by Snowman, the defendant, in the suit on which the vessel was attached, cannot be regarded as labor performed or materials furnished by the plaintiff. The claim in either case is personal, and must be enforced in the name of the party to whom it accrued. Mudgett could neither directly nor indirectly assign his lien so that it could be enforced in the name of an assignee. The plaintiff by uniting in one suit his claim for labor and the note given him by Snowman, and taking judgment for both demands, has lost the lien to which he was otherwise entitled. *Bicknell* v. *Trickey,* 34 Maine, 273.

The vessel attached in the suit against Snowman, was receipted for by Mr. Woodman, and was permitted to go to sea, without the jurisdiction of this State. When judgment was entered up in that suit and execution issued thereon, the present defendant had ceased to be sheriff, and Mr. Redman had been appointed his successor. No demand was ever made on the defendant, or on any deputy of his, within thirty days after the rendition of judgment. The plaintiff's execution against Snowman, is not shown within that time to have been placed in the hands of an officer, for the purpose of preserving the lien created by attachment. Nothing whatsoever has been done to fix the liability of the defendant. *Bicknell* v. *Hill,* 33 Maine, 297.

The fact, that the vessel was out of the jurisdiction of the State, does not relieve the plaintiff from the necessity of seasonably placing his execution in the hands of an officer, by whom a demand might be made upon the deputy sheriff, who made the attachment in the original writ. In *Phillips*

*v. Bridge,* 11 Mass. 242, the execution was duly delivered to an officer, by whom a demand was made on the attaching officer. In that case the liability of the officer, who made the attachment, is made to depend on the plaintiff's diligence "in obtaining their judgment and execution and delivering the latter to the officer, who made the attachment, or to any other deputy of the same sheriff, or to the sheriff himself." In no case has an officer been held, when the execution has remained during the thirty days, next after judgment, in the office of the clerk, or in the hands of the plaintiff or his attorney.

The fact, that Mr. Redman, the sheriff of Hancock county, called on Mr. Woodman for the vessel, in consequence of the directions of Wardwell, the defendants' deputy, to him, and that Mr. Woodman said "he should take no advantage of Redman's not having the execution in his hands," cannot affect the rights of this defendant. Mr. Woodman could make any waiver he might judge expedient for himself, but he was in no way authorized to compromise the interests of the sheriff. If the vessel had been delivered to the defendant or to his deputy, it must have been surrendered to the owners, for no officer within thirty days from judgment had the execution in his hands or could legally demand and receive the property attached.               *Plaintiff nonsuit.*

SHEPLEY, C. J., and TENNEY, RICE and HATHAWAY J. J., concurred.