J. J. McDONALD & COMPANY, Trustees for Horace A. Jenckes, *vs.* THOMAS F. KELLY.

A. by special contract made July 29, 1880, engaged to build a house for B. December 1, 1880, A. assigned the contract to C. At the time of the assignment A. had taken no steps to secure a mechanic's lien. B. consented that C. should proceed under the contract and finish the house.

*Held*, that B.'s consent to C.'s proceeding under the contract was a consent to the transfer of the contract to C.

*Held*, further, that C. was entitled to perfect and enforce a mechanic's lien, using the name of the assignors.

*Held*, further, that a mechanic's lien though inchoate is assignable, passing in equity with the debt or contract for which it is security.

It not appearing that C. entered into any contract with B. or that A. was ever released by B.:

*Held*, that C. proceeded properly in using the name of A.

A mechanic's lien has, under Pub. Stat. R. I. cap. 177, § 1, precedence over any other lien which originates after the work has begun; hence over a mortgage given after the work has begun.

PETITION for the enforcement of a mechanic's lien. On exceptions to the master's report.

*January* 19, 1884. DURFEE, C. J. This is a petition for the enforcement of a mechanic's lien. The petition was preferred in the names of John J. McDonald and David Miller, copartners, under the firm of J. J. McDonald & Company, trustees for Horace A. Jenckes. The case was referred by consent to a master to take the testimony, hear the parties, and report whether the petitioners are entitled to the lien; if so, for what amount they are entitled to it and what shall be sold to satisfy it. The report of the master finds that the petitioners are entitled to a lien, that the amount for which they are entitled is $1,508, and that the lot of land described in the petition should be sold and the proceeds, after payment of costs, &c., should be applied: *first*, to the payment of said $1,508; *second*, to a mortgage held by John H. Kelly; and *third*, to the payment of $50 to H. A. Jenckes, and the residue to the defendant. The case comes before us on exceptions to the report.

The work for which the lien is claimed is chiefly work under a special contract in writing, made July 29, 1880, by and between the defendant and J. J. McDonald & Company. By the contract the defendant was to pay $500 when the house was framed and shingled, $500 when it was plastered, and $950 when it was finished and ready for occupation, $1,950 in all. The house was to be finished by November 1, 1880, and if not finished then the balance due was to be reduced at the rate of $20 per month for every day afterwards until it was finished. On December 1, 1880, the house being incomplete, the contract was assigned by McDonald & Company to Jenckes. The defendant had then paid only $105 on account of it. Jenckes claimed before the master that

with the consent of the defendant he finished the work under the contract, and that he was entitled to a lien for the contract price less the $105 paid, and to $50 besides for extra work. The master finds that the work performed by McDonald & Company was badly performed, in many respects not according to contract, and that they did not act in good faith, and that the damages suffered by the defendant by reason of their delinquency amount to $325.

It appeared that McDonald & Company before their assignment had taken no steps to secure the lien. The defendant contended before the master that this being so, the contract and lien were not assignable. The master, however, while conceding that McDonald & Company could not transfer their contract without the defendant's consent, finds that as a matter of fact the defendant did consent that Jenckes should proceed under the contract and finish the work, and holds that this was tantamount to a consent to the transfer. We think, the facts being conceded, this view is correct. He also finds that the assignment of the contract carried with it the right to perfect the lien in the names of the assignors. The defendant also contended that Jenckes is not entitled to perfect the lien because McDonald & Company, in the work which they had done, had not complied with the terms of the contract, and Jenckes had not made good their defaults. The master finds, however, that in point of fact it was understood between Jenckes and the defendant that he, Jenckes, should go on and finish the house, leaving the work done and materials furnished by McDonald & Company as they were, and that likewise any claim for damages for not completing the house by November 1 was impliedly if not expressly waived. He finds, therefore, that in this view there was nothing to prevent Jenckes from perfecting the lien.

The exceptions cover certain of the master's findings in both law and fact. The exceptions to the findings of fact are not pressed. The exceptions in matter of law are : *first*, that the lien or right of lien was not assignable ; *second*, that the petition and notice are not correct in point of form ; and *third*, that the mortgage is entitled to priority over the lien, if any lien exists.

The defendant contends that the lien is a purely personal privilege and cannot be assigned. There are cases which support this

position, but we think with the master that, where the statute is silent on the point, as it is in this State, the weight of authority as well as the better reason is in favor of the assignability. The lien is a security, and, by analogy to other securities, it ought to follow the debt or contract to which it appertains. It is not for the debtor to say that it shall not follow the debt; and evidently it is greatly to the advantage of the creditor to have it do so ; for if it follows the debt, it enhances its value, because of the security which it affords. Phillips on Mechanics' Liens, § 55 ; *Tuttle* v. *Howe,* 14 Minn. 145 ; *Iaege* v. *Bossieux,* 15 Gratt. 83 ; *Skyrme* v. *Occidental Mill & Mining Co.* 8 Nev. 219 ; *Rogers* v. *Omaha Hotel Co.* 4 Neb. 54 ; *Mason* v. *Germaine,* 1 Mont. 263 ; *Davis* v. *Bilsland,* 18 Wall. 659 ; *Kerr* v. *Moore,* 54 Miss. 286 ; *Goff* v. *Papin,* 34 Mo. 178 ; *Murphy* v. *Adams,* 71 Me. 113. The defendant contends that the lien did not pass because McDonald & Company had taken no steps to perfect it before making the assignment. He refers to *Brown* v. *Smith,* 55 Iowa, 31, and *Langan & Noble* v. *Sankey,* 55 Iowa, 52. These cases hold that a mere right to a mechanic's lien, before the lien has been perfected by the filing of the claims, is not assignable. They were decided under a statute which declared that " Mechanics' liens are assignable and shall follow the assignment of the debt." The court held that the lien meant by the statute was a lien perfected by the filing of a claim therefor. The court had previously held that before the statute a mechanic's lien was not assignable. The question must •be decided here upon general principles. We can see no reason why the lien should not pass in equity with the debt or contract while it remains inchoate as readily as after it is consummate. It ,exists in right before the filing of the claim, adding to its value, and it is no more than equitable, for the sake of both assignor and assignee, that it should pass, to be perfected by the assignee in the name of the assignor. Our statute contains nothing to combat this view. The defendant also contends that the lien cannot be ,enforced because McDonald & Company, in the work which they ,performed, did not comply with the contract, and the assignee has not made good their defaults. We think, however, that the master was right in holding that, the defendant having consented that the assignee should go on and finish the work without mak-

ing good the defaults of McDonald & Company, the lien was not to be taken to have been forfeited by reason of those defaults, and that a deduction for damages is all that the defendant is entitled to.

The second exception in matter of law is to the finding of the master that the petition and notices of lien are correct or valid in point of form. The defendant contends that the lien being assignable, the petition should have been preferred and the notices given in the name of the assignee instead of in the names of the assignors. The master does not find that the assignee entered into any contract with the defendant to finish the contract between the defendant and McDonald & Company, or that McDonald & Company were ever released from their liability. The work done by the assignee under the contract must, therefore, be regarded as work done by him as representing McDonald & Company, and in their places. Consequently we think the proceedings to enforce the lien were properly taken and carried on in their names. *Caldwell* v. *Lawrence*, 10 Wisc. 331; *Pearsons* v. *Tincker*, 36 Me. 384; *Murphy* v. *Adams*, 71 Me. 113. We do not see, however, on what ground the assignee can enforce a lien for the $50 for extra work in the names of the assignors. The contract for the extra work was not made with McDonald & Company, but with the assignee personally, and the assignee, therefore, should have prosecuted his lien for it, if at all, in his own name. The allowance of $50 should be stricken out.

The last exception is to the finding of the master that the lien is entitled to priority over the mortgage. It was not a part of the master's duty under the decree to make this finding, but, taking the facts to be as stated by him, we do not see any error in it. The master finds that McDonald & Company, after making the contract on July 29, 1880, commenced work under it and continued to work personally under it until sometime in November, 1880, and that the mortgage was made October 4, 1880. The statute gives the mechanic's lien precedence over any other lien which originates after work began. Pub. Stat. R. I. cap. 177, § 1.

*Exceptions overruled, except as to the allowance of* $50.

*Charles E. Gorman & Francis L. O'Reilly*, for petitioner.

*George J. West & John J. Heffernan*, for respondent.