### CEBELL et ux. v. HAUSER.

#### No. 10162.

Court of Civil Appeals of Texas. San Antonio.

Nov. 3, 1937.

Rehearing Denied Jan. 19, 1938.

J. Q. Henry and B. H. Oxford, both of Mission, for appellants.

Kelley, Looney & Norvell, of Edinburg, for appellee.

SMITH, Chief Justice.

On August 21, 1929, R. E. Horn sold 110 acres of land in Hidalgo county to R. A. Cebell, for $325 per acre, or a total of $37,500. Of this amount, $11,000 was for an existing debt against the land, which Cebell assumed, and $20,000 was in cash, which Cebell paid. The balance, after judgment of the matter of interest, turned out to be $3,837.64. The payment of this balance was withheld, pending performance of Horn's obligation, assumed in the transaction, to plant 60 acres of the land in citrus fruit.

In performance of that obligation Horn purchased the necessary trees from W. P. Hauser, a nurseryman, who, 'as part of his contract, also obligated himself to set the trees on the purchased land. Hauser performed, and furnished and set out 2,650 trees, at the agreed price of $1.50 per tree, aggregating $3,975, which Horn was obligated to pay. Horn, in writing, directed Cebell to pay Hauser's account to Hauser out of the balance Cebell owed Horn upon the purchase price of the land, and which he had withheld, by agreement, to secure performance of Horn's obligation to set the land to citrus trees. Hauser assigned this account to Olive B. Hauser pending this litigation.

On May 20, 1931, W. P. Hauser brought suit against Horn and Cebell upon said account, in the form of an action upon open account, then alleged to amount to more than $4,000. That suit was numbered 8637.

On August 14, 1931, Horn sued Cebell for the said unpaid purchase price of said land, then alleged to be $3,722, and for establishment and foreclosure of an equitable vendor's lien to secure the money judgment

therein prayed for. This suit was numbered 8768.

Thereafter, on May 4, 1932, Olive B. Hauser, as assignee of the W. P. Hauser claim, intervened in the first suit filed, No. 8637, set up that claim against both Horn and Cebell, and asserted an equitable lien against said land to secure said debt and for foreclosure.

Cebell sought to abate cause No. 8637, upon the ground of misjoinder of parties and causes, but was overruled. For all practical purposes the two suits, 8637 and 8768, were consolidated below, and disposed of under one judgment in 8637. No complaint is made here of the consolidation.

Upon a directed verdict the trial judge rendered judgment in favor of Olive B. Hauser against both Horn and Cebell for the amount retained by Cebell out of the purchase price of said land, and foreclosure of the asserted equitable lien thereon. The amount of this recovery not being sufficient to discharge the Hauser account, Olive B. Hauser recovered of Horn and Cebell an additional amount to include that balance. Cebell (joined by his wife) has appealed. Horn has not appealed.

By his propositions 1, 2, and 3 appellant urges that his general demurrer should have been sustained against appellee's petition in intervention. We overrule those propositions. The pleadings are too voluminous to warrant a discussion in detail of the question of general demurrer. It is sufficient to say that the actual trial pleadings of appellee, by which the demurrer must be tested, were sufficient to show a cause of action against appellant. We likewise hold that the trial judge did not abuse his discretion in overruling appellant's successive pleas in abatement.

Appellant contends that the debt which Horn owed Hauser, and sued for herein, was purely for the purchase of personal property, and therefore could not support a lien upon the real property involved to secure its payment. As stated, by agreement between Horn and Cebell, the latter withheld a part of the purchase price of the land subject to Horn's performance of his obligation to improve the land by planting it to citrus trees. The sum withheld was a part of the actual purchase price of the land, and the vendor's lien was an inherent incident of that debt, even though not expressly retained in the written conveyance of the property. That is elemental. Fennimore v. Ingham, Tex.Civ.

App., 181 S.W. 513; Gray v. Fenimore, Tex.Com.App., 215 S.W. 956. So long as the grantee withheld that part of the consideration, just so long did the equitable lien exist. It being an incident of the debt, it followed the debt. That lien was assignable, of course, and when Horn assigned to Hauser his claim to the balance due on the purchase price of the land the lien followed the debt, and was enforceable. This is particularly so here, since the claim was assigned to Hauser as consideration for valuable improvements placed by him upon the land charged, and with the understanding, at least as between Horn and Hauser, that the amount of the purchase price withheld by Cebell should be applied to payment for those improvements. There can be no reasonable question of the validity and sufficiency of the assignment from W. P. Hauser to appellee, Olive B. Hauser. Fennimore v. Ingham, supra; 28 Tex.Jur. 14; 43 Id., 447; Irvin v. Garner, 50 Tex. 48, 54. We overrule appellant's propositions 6, 7, and 15.

Appellant seeks in this appeal to bring the assignment of the vendor's lien from Horn to Hauser under the ban of the statute of frauds. That defense was not raised below, by pleadings or otherwise, and cannot be raised here for the first time. Hart v. Garcia, Tex.Civ.App., 63 S.W. 921. We overrule appellant's propositions 8, 9, 10 and 11.

In his propositions 12, 13, and 14 appellant contends that the trial judge committed reversible error in directing a verdict, upon the ground that the questions, of whether Cebell ever contracted with Hauser for the purchase of the trees, or promised to pay Hauser therefor, were for the jury upon conflicting testimony. We think those issues were for the court to determine from the writings of the parties, together with undisputed and conclusive evidence, and that the court correctly resolved those questions under the record. We overrule said propositions.

In his twelfth proposition appellant complains of the exclusion of certain testimony tending to show the difference between the value of the land involved if planted to citrus trees in the fall of 1929, and its value if planted in the fall of 1930, the latter date being the time the trees were in fact planted. Appellant offered this testimony upon the assumption that it would have established the true measure of damages in the case. We over-

rule the proposition. Whatever the measure of damages was, the proffered testimony would have been immaterial, for the reasons: First, that the contract embraced no provision as to when the trees were to be planted, or that time was the essence of the contract; and, second, the record shows, conclusively, that appellant waived any right, if any he had, to complain of the failure to plant the trees earlier.

The case appears to have been fairly tried and decided, no reversible error is presented, and the judgment will be affirmed.