The WILLIAM J. BURNS INTERNATIONAL DETECTIVE AGENCY, INC., Appellant,

v.

GENERAL ELECTRIC SUPPLY COMPANY, a Division of General Electric Company et al., Appellees.

No. 7777.

Court of Civil Appeals of Texas.

Texarkana.

Jan. 31, 1967.

Rehearing Denied Feb. 28, 1967.

C. B. Stanley, Houston, for appellant.

Ray A. Gipson, Baker, Botts, Shepherd & Coates, Houston, for appellees.

E. W. Solomon, James P. Sheppard, Mrs. Kathleen C. Glass, Houston, for interpleader.

DAVIS, Justice.

This appeal is the result of two garnishment proceedings. One by the William J. Burns International Detective Agency, Inc., hereinafter called "Burns", and one by General Electric Supply Company, a Division of General Electric Company, hereinafter called "General Electric", against Stewart Title Company. Judgment was rendered in favor of General Electric and Burns has perfected its appeal. It brings forward 14 points of error.

## HISTORY

James P. Sheppard and wife, Cherie Jacqueline Sheppard, and Kathleen C. Glass were in the process of building a 38 unit apartment in the City of Houston, Harris County, Texas. It appears that at or prior to the time the construction was completed they became involved with the contractor and several of their creditors. Burns had been employed as a guard to guard the property during the construction, and they were indebted to Burns in the amount of $1,838.25. Burns filed a suit against Sheppard, et al, and recovered judgment for the indebtedness, and $400.00 attorneys fees, on May 26, 1964. Burns abstracted this judgment and filed a garnishment proceedings against the Stewart Title Company and had them served with a writ of garnishment on June 12, 1964.

Delta Electric Corporation furnished material in the construction of the project, and in August of 1963, it assigned its account to General Electric. General Electric filed a mechanic's and materialman's lien affidavit on February 14, 1964, against James P. Sheppard, et al. General Electric then filed suit against Sheppard, et al, and had issued a writ of garnishment that was served on Stewart Title Company on June 15, 1964.

Stewart Title Company filed a plea in abatement, answer, and a verified bill of interpleader. General Electric took a judgment against Chandler, et al, on August 25, 1964.

A motion to consolidate the garnishment proceedings was filed and granted.

By several of its points, Burns says the trial court erred in holding that there was competent evidence to prove that there was any balance due to Delta Electric Corporation, or to prove a valid mechanic's and materialman's lien.

This case has caused this writer much concern. It seems that there must be a valid mechanic's and materialman's lien to take any priority over funds that

had been previously garnisheed by a creditor. It is true that a mechanic's and materialman's lien is assignable. Gollnick v. Fry et al., (1930), 119 Tex. 23, 23 S.W.2d 677, opinion adopted by the Supreme Court. It seems that it is necessary for the person, firm or corporation who may sell or furnish material that goes into the construction of a building must be the one to file and perfect a mechanic's and materialman's lien. If they sell the account to a third person, regardless of the connection between the parties, the third person cannot perfect a mechanic's and materialman's lien under the statutes of the State of Texas. Art. 5452, et seq. Vernon's Ann.Rev.Civ. St.

The appellee tried to offer the mechanic's and materialman's lien in evidence, but it was objected to on the ground that it was invalid. The judgment was offered in evidence and a similar objection was made to the judgment on the ground that it foreclosed on an invalid mechanic's and materialman's lien.

■ There are no cases in point that gives a person holding a mechanic's and materialman's lien that has been perfected by the lienholder the superior right to those of a prior attaching creditor who has already secured a judgment and garnisheed the money. A mechanic's and materialman's lien may be defeated in court and it does not seem to take effect until after judgment. 26 T.J.2d 729, § 52 and authorities cited therein. 26 T.J.2d 730, Sec. 53, reads in part as follows:

"The garnishment that is prior in time is the one that is prior in right, and subsequent writs of garnishment cannot impair or affect the rights of the garnishor acquired under the writ first served. * * *."

See the authorities cited.

The trial court made a finding of fact that: "The lien securing the construction loan on the above described property has been foreclosed and such property no longer belongs to James P. Sheppard." There is no evidence of any such procedure in the record. Burns raises a point of error to this effect. There were other findings of fact made by the trial court that the money in the hands of the garnishee was part of the proceedings of a loan made for construction of the building. There is no evidence of this effect; or, the evidence is insufficient. Burns raises a point of error to this effect.

The mechanic's and materialman's lien was not created within 90 days as provided by the statutes. (August, 1963, to February, 1964). The party who delivered the material to the job did not perfect the mechanic's and materialman's lien.

The judgment of the trial court is reversed and rendered.

## ON MOTION FOR REHEARING

■ Appellee has filed a motion for rehearing, wherein it points out that we were in error in reversing and rendering the judgment of the trial court. It takes the position that we should have reversed and remanded the cause. The appellee might have furnished material to the job in question. It could have perfected its mechanic's and materialman's lien. These facts may be shown upon a retrial of the case. Appellee may also show the mechanic's and materialmen's lien was created less than 90 days after the materials were furnished. In reversing and remanding the case, we do not intend to hold that if the appellee had a mechanic's and materialmen's lien that was filed before the appellant garnisheed the money, the appellee would be entitled to same. 26 Tex.Jur. 2d Sec. 753. We still hold that the party who delivered the material to the job must be the one who perfects the mechanic's and materialmen's lien. There were other findings of facts made by the trial court that should not be made unless there is proof or stipulations to support the same.

The judgment of the trial court is reversed and remanded.