The TRANE COMPANY, Appellant,

v.

Miles F. WORTHAM, Appellee.

No. 15280.

Court of Civil Appeals of Texas.

Houston (1st Dist.).

April 11, 1968.

Rehearing Denied May 9, 1968.

S. Mitchell Glassman, Houston, for appellant; Diamond & Totz, Houston, of counsel.

Carl, Lee & Fisher, Robert H. Fisher, Houston, for appellee.

COLEMAN, Justice.

This is an appeal from a summary judgment entered in favor of the defendant in a suit to foreclose a mechanic's and materialman's lien. The principal question presented is whether, following the assignment of a debt incurred as specified under Article 5452, Vernon's Ann.Civ.St., the assignor may fix and secure a mechanic's and materialman's lien by filing in his own name the lien affidavit as provided in said article.

Prior to March 5, 1965, Tom Stinnett Company, a Texas corporation, entered

into a subcontracting agreement with Stresdek Buildings, Inc., to install air conditioning equipment in improvements being erected by Stresdek Buildings, Inc., as contractor, on real estate owned by Miles F. Wortham.

On March 5, 1965, by a written instrument Tom Stinnett Company assigned to The Trane Company all money accruing to the Stinnett Company by reason of this subcontract. On or about July 10, 1965, Tom Stinnett, as agent of the Stinnett Company, executed and filed with the County Clerk of Harris County, Texas, a mechanic's and materialman's lien affidavit against the Wortham real estate claiming the sum of $7,501.30 due to Tom Stinnett Company for labor and materials furnished in the installation of a central air conditioning system upon the real estate.

The Trane Company brought this suit against Stresdek Buildings, Inc., for debt and against Miles F. Wortham for foreclosure of the mechanic's and materialman's lien alleging the facts stated and that Tom Stinnett Company had assigned the lien to it after it was fixed and secured. On motion of appellee the trial court severed the cause of action for foreclosure of the lien, and granted a summary judgment for appellee in this portion of the case. This action was taken on the basis of the pleadings alone. There were no affidavits, depositions, or answers to requests for admissions of facts filed in the case. Appellant asserts that the trial court erred both in severing the causes and in granting the summary judgment.

Article 5452, V.A.C.S., provides that a corporation furnishing labor or material for the construction or repair of any improvement shall have a lien on the improvement and the lot or lots of land necessarily connected therewith to secure payment for the labor done or material furnished, or both, upon complying with the provisions of the Act.

Article 5453, V.A.C.S., provides that a subcontractor entitled to a lien shall file his affidavit claiming the lien with the County Clerk for recordation, and he is required to send copies of the affidavit to the owner.

There is no attack here on the form or contents of the affidavit filed. There is no contention that the lien claimant failed to give necessary notice. Appellant contends that the statutes mentioned above clearly place the right to claim and file a lien in the person or corporation actually furnishing the labor and material, here the Tom Stinnett Company, and that, since this company in fact executed and filed the affidavit, the lien was fixed and could be assigned. Appellant has alleged an assignment, and there is no summary judgment evidence negativing the existence of such an assignment.

Appellee's position in support of the trial court's judgment appears to be that since the subcontractor had assigned the debt to appellant, it had no further interest in the matter, so that the affidavit filed by an agent of the Tom Stinnett Company could not fix and perfect a lien which would inure to the benefit of appellant or could be assigned to appellant.

While the decisions from other jurisdictions are based largely on the provisions of their statutes creating mechanic's and materialman's liens, to point up the problems in this area we quote from 36 Am.Jur., Mechanics' Liens, §§ 194–196, pp. 130–131:

"§ 194. Generally.—Mechanics' liens which have been perfected may be assigned, and the assignee may enforce such assigned lien in the same manner as the assignor could have; such assignment is not against public policy. There is some conflict among the decisions as to whether an assignment of a lienable claim carries with it a right to a lien.

"No particular form of words is necessary to constitute an assignment of a mechanic's lien; it is sufficient if the intent of the parties to effect an assignment is clearly established.

"§ 195. Right of Assignee to Lien.—According to the rule obtaining in some jurisdictions, the assignment by a laborer or materialman of his claim for labor or materials confers upon the assignee no right to acquire or perfect the lien to which the assignor was entitled. In other words, the assignment of a claim carries no lien unless the mechanic or materialman has proceeded to acquire or perfect a lien as required by the statute. This rule is based upon the idea that the statute confers only a personal right to acquire a lien, or that no lien is acquired merely by doing the work or furnishing the material, but that something is required to be done by the claimant before a lien attaches, such as giving notice to the owner or complying in some manner with the controlling statutes. On the other hand, the position has been taken by the courts of a number of jurisdictions that the assignment of a lienable claim carries with it the right to the lien and clothes the assignee with authority to take the necessary legal proceedings to perfect and enforce it. This rule is recognized more often in jurisdictions where the lien is deemed to attach as soon as the labor is performed or the material is furnished, no proceedings being necessary in order to create the lien.

"§ 196. Right of Assignor to File Lien.—In those jurisdictions where a lienable claim may be assigned, if one entitled to a mechanic's lien makes an absolute assignment of the sum due him, and not merely as security, a lien statement filed by him on his own account after such assignment, although within the statutory time, is void, and will not, therefore, inure to the benefit of his assignee. But if the sum due is assigned as collateral security for the payment of a debt, the assignor still has sufficient interest to entitle him to file a lien statement afterward within the statutory time, which will secure his equitable rights in the claim assigned, and also inure to the benefit of his assignee."

It is a rule of long standing that the mechanic's and materialman's lien statutes of this state will be liberally construed for the purpose of protecting laborers and materialmen. It is also well established that it is not the registration required by the law, but the law itself, which gives a mechanic or materialman a lien upon the property improved by the labor or by use of the materials by reason of which a lien is asserted. The filing of the affidavit required by Article 5453, V.A.C.S., does not create a lien on the property, but fixes and secures upon it an existing lien. University Savings and Loan Ass'n v. Security Lumber Co., 423 S.W.2d 287 (Tex.Sup. 1968).

It is generally true that the security for a debt is inseparable from the debt. Where a debt is secured by a lien on real estate, the assignment of the debt carries with it the lien, and payment of the debt extinguishes the lien. West v. First Baptist Church of Taft, 123 Tex. 388, 71 S.W. 2d 1090 (1934); Pope v. Beauchamp, 110 Tex. 271, 219 S.W. 447 (1920); Wynn v. Flannegan, 25 Tex. 778 (1860); Cebell v. Hauser, 112 S.W.2d 285 (Tex.Civ.App., San Antonio 1938, writ ref., w.o.j.); 58 Tex.Jur.2d, Vendor and Purchaser, § 324, p. 569.

In Van Burkleo v. Southwestern Manufacturing Co., 39 S.W. 1085 (Ct. of Civ. App. of Tex.1896, writ of error denied), the court quoted from the opinion of the Supreme Court of the United States in the case of Carpenter v. Longan, 16 Wall. 271, 273, 276, 21 L.Ed. 313, as follows: "* * The note and mortgage are inseparable; the former as essential, the latter as an incident. An assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity."

In Southern Surety Co. of New York v. First State Bank of Marquez, 54 S.W.2d

888 (Tex.Civ.App., Waco 1932, writ ref.), the court said:

"We are inclined to the view that the authorities supporting the theory that the assignee acquires the right to perfect and enforce the lien present the better reasoning. The general policy of the law in creating the lien is to protect the laborer or materialman to the end that he may receive full compensation for the labor or material so furnished and which has gone into the construction of the road. To allow the assignee to perfect the lien does the debtor no harm. He owes the debt and the funds are held by him subject to the right to fix the lien. It is of no concern to him who fixes it. On the other hand, it is of material advantage to the laborer or materialman that he be allowed to collect his claim as quickly as possible and that he receive full value therefor. If he be denied the privilege of assigning his equitable right to fix the lien along with his debt, it will often result that he must either suffer the delay and expense incident to fixing the lien or else assign his claim at a discount and suffer the loss. He should be permitted to avail himself of the security which the statute gives him in the way most beneficial to himself, and, if he can better himself, without injury to the debtor, by giving his assignee the right to perfect the lien, he should be permitted to do so. Murphy v. Adams, 71 Me. 113, 36 Am.Rep. 299; Kinney v. Duluth Ore Co., 58 Minn. 455, 60 N.W. 23, 49 Am.St.Rep. 528; Smoot v. Checketts, 41 Utah, 211, 125 P. 412, Ann.Cas.1915C, 1113, par. 7; Sprague Investment Co. v. Mouat Lumber & Investment Co., 14 Colo.App. 107, 60 P. 179, 180; McDonald v. Kelly, 14 R.I. 335, 338; Bristol Iron & Steel Co. v. Thomas, 93 Va. 396, 25 S.E. 110. Under our blended system a very liberal policy is recognized in the assignment of both legal and equitable rights. If a laborer can perfect his lien and assign it with his claim, we know of no reason why he should not be permitted to assign his right to perfect his lien along with his debt. This is particularly true where the statute, as in this case, does not require the one filing the claim to swear that the account is correct."

The case quoted from, above, was a suit by the assignee of a subcontractor on a release bond for certain funds claimed to be due a contractor by the State Highway Department. Article 5472a, V.A.C.S., as it was then worded, provided a lien "to any person * * * furnishing material or labor to any contractor for any public improvement in this state" on the money due or to become due to the contractor, provided "such person" notified in writing the official whose duty it was to pay such contractor, of his claim.

Article 5455, V.A.C.S., provides:

"An affidavit claiming a lien filed for record *by any one claiming the benefit of this Act* shall be signed by the claimant *or by some person on his behalf* and shall contain in substance the following:

"a. A *sworn* statement of his claim, *including the amount thereof*. A copy of the written agreement or contract, if any, may be attached at the option of the claimant.

"b. The name of the owner or reputed owner, if known.

"c. A general statement of the *kind of work done or materials furnished by him,* or both. It shall not be necessary to set forth the individual items of work done or material furnished or specially fabricated. Any abbreviations or symbols customary in the trade may be used.

"d. The name of the person by whom claimant was employed, *or to whom he furnished the materials or labor,* and the name of the original contractor.

"e. A description of the property sought to be charged with the lien legally sufficient for identification." (emphasis added)

A consideration of the underlined provisions of this Act might well lead to the conclusion that the affidavit must be filed by the one furnishing the labor or materials to perfect a mechanic's and materialman's lien as was held by the court in William J. Burns Intern. Detective Agency v. General Elec. Supply Co., 413 S.W.2d 775 (Tex.Civ.App., Texarkana 1967, n.w.h.). However, the wording of the Act would permit the interpretation that the affidavit may be signed by the one furnishing the labor, or materials, or both, and that although he no longer owned the debt, he could sign the affidavit on behalf of the person claiming the benefit of the Act. There is no requirement that the affidavit state whether the one signing it does so on behalf of some other person or corporation, or whether he is the claimant.

It might be noted that in the extensive revision of the mechanic's and materialman's lien law enacted in 1961, Article 5472d was added. This article provides that under certain conditions an original contractor may file a bond conditioned for the prompt payment of all labor, subcontracts, materials, and specially fabricated materials, which will inure to a claimant either giving and filing the applicable notices and claims under Art. 5453, or by making claims as provided thereafter. Where such bond is provided for and filed, the article eliminates the necessity for filing a claim with the County Clerk or that an affidavit accompany any claim or notice. It also provides: "* * * A claim or claim rights under the bond may be assigned."

The artisan's lien, provided in Art. 5483, V.A.C.S., is fixed by preparing duplicate accounts, presenting one to the employer, and presenting the other to the County Clerk for recordation. Article 5486, V.A.C.S., provides that "the party or parties presenting the aforesaid account shall make affidavit as to the correctness of the same." It further provides that a compliance with these requirements is necessary to "fix and preserve" the lien and "that all persons claiming the benefit of this law" shall bring suit to foreclose the lien within six months. Art. 5487, V.A.C.S., provides: "Any party entitled to such lien may transfer or assign his rights hereunder, and his assignee or assignees shall have the same rights and privileges as are conferred upon him."

There is, therefore, no basis for a contention that public policy prohibits the assignment of the debt made in this case, or of the right to perfect the lien given by law to secure the debt. Since in this case the affidavit was signed by the agent of the corporation furnishing the labor and material, it is unnecessary that we determine whether or not the affidavit might have been signed by his assignee.

■ It appearing from the record that the Tom Stinnett Company, in executing and filing the affidavit necessary to fix and secure the statutory lien, may well have been acting in behalf of appellant, the trial court erred in granting the summary judgment. First State Bank of Monahans v. Henderson, 377 S.W.2d 96 (Tex.Civ. App., El Paso 1964, n.w.h.); Pattison v. Highway Insurance Underwriters, 292 S. W.2d 694 (Tex.Civ.App., Galveston 1956, ref., n.r.e.).

For reasons apparent from the above discussion, the action of the trial court in severing the issue concerning the validity of the lien from the issue as to liability for the debt it was alleged to secure was also error.

The judgment of the Trial Court is reversed and the cause is remanded with instructions to set aside the order of severance.

Reversed and remanded.