TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00065-CV






John Patton; Ronald S. Driver; and Von Kreisler & Swanson, P.C., Appellants



v.



John W. Teets and Teresa J. Burroff, Appellees






FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT


NO. 98-481-C277, HONORABLE JOHN R. CARTER, JUDGE PRESIDING 






 Appellees, John Teets and Teresa Burroff, sued appellants, John Patton, Ronald
Driver, and Von Kreisler & Swanson, P.C. (1), for a declaration that appellants lacked any
enforceable interest in a promissory note and the liens securing it. Appellants counterclaimed for
the amount remaining unpaid on the note and for foreclosure of the liens. Appellants and the
promisors each moved for summary judgment. The trial court granted the promisors' motion and
overruled appellants' motion. We will reverse and remand in part.

 In return for a conveyance of land, the promisors executed the note in dispute to
John Patton and Ronald Driver. Patton and Driver secured payment of the note by a vendor's lien
retained in the deed and by the lien of a deed of trust. During succeeding years, the note was
transferred a number of times, but at some point after Patton and Driver negotiated it, the original
note was lost. (2) Although the original was never recovered, the note was ultimately assigned to
John Patton and the law firm of Von Kreisler & Swanson, P.C. It is undisputed that the
promisors have not paid the full amount due on the note.

 In their first point of error, appellants argue generally that the trial court erred in
granting the promisors' motion for summary judgment. Appellants make three arguments under
this point, challenging first the trial court's holding that the note is a negotiable instrument. In
its order granting the promisors' summary-judgment motion, the trial court held that the note is
a negotiable instrument subject to article 3 of the Business and Commerce Code and that, to
recover on a note they does not possess, appellants must meet the requirements of article 3.309
of the Code. (3) Appellants argue that the note does not qualify as a negotiable instrument and that
because article 3.309 applies only to negotiable instruments, it poses no obstacle to their recovery. 
Appellants, however, never presented this issue to the trial court. Issues not presented to the trial
court in a motion or response cannot be considered on appeal as grounds to reverse a summary
judgment. Tex. R. Civ. P. 166a(c); City of Houston v. Clear Creek Basin Auth., 589 S.W.2d
671, 678-79 (Tex. 1979). Having failed to raise this issue in the trial court, appellants cannot
raise it on appeal. We overrule appellants' first contention.

 Appellants argue next that, even if they do not qualify as holders of the note, they
can recover on the note as owners. (4) By this argument, appellants contest, not the character of the
note, but their status in seeking to enforce it. Appellants admit that because they lack possession
of the note, they cannot be holders, who would be entitled to a presumption of ownership under
the Code. See Code § 3.201(b) (West Supp. 2000) (instrument payable to order is negotiated by
indorsement and transfer of possession); Dillard v. NCNB Tex. Nat'l Bank, 815 S.W.2d 356, 360
(Tex. App.--Austin 1991, no writ), overruled on other grounds, Amberboy v. Societe de Banque
Privee, 831 S.W.2d 793 (Tex. 1992). The note nevertheless remains susceptible to proof of
ownership under common-law principles of assignment. Dillard, 815 S.W.2d at 360. To show
that they own the note, appellants must prove the series of transfers by which they acquired it. 
Priesmeyer v. Pacific Southwest Bank, F.S.B., 917 S.W.2d 937, 939 (Tex. App.--Austin 1996,
no writ).

 The summary-judgment proof shows that the promisors executed the note to John
Patton and Ronald Driver on February 28, 1989, and received in return a warranty deed from
Patton and Driver conveying land in Williamson County. On the same date, Patton and Driver
negotiated the note to NCNB Texas National Bank as collateral for a note they executed to NCNB
in the same amount. (5) NCNB, whose name became NationsBank of Texas, N.A., transferred the
note to the Federal Deposit Insurance Corporation on November 30, 1991. The FDIC, on May
8, 1992, assigned the note to Diversified Financial Systems, Inc. The next transaction shown in
the record occurred on February 25, 1994, when Diversified Financial Partners III L.P., the
partnership of which Diversified Financial Systems, Inc., is general partner, transferred the note
to McArdle II Corporation. The document assigning the note to McArdle II Corporation was
signed on behalf of the partnership by its corporate general partner, Diversified Financial
Systems, Inc. On April 30, 1996, pursuant to the settlement of a lawsuit McArdle II Corporation
had brought against Patton and Driver on their note to NCNB, McArdle II assigned to John Patton
and the law firm of Von Kreisler & Swanson, P.C., the note executed by the promisors.

 The record reflects that the series of transfers by which appellants claim to own the
note is continuous except for a gap between the assignment of the note to Diversified Financial
Systems, Inc., and its transfer from Diversified Financial Partners III L.P. The promisors claim
that this gap conclusively negates appellants' ownership of the note. Were appellants seeking
summary judgment on the issue of ownership, the unexplained gap in the chain of title would
render the evidence inconclusive and insufficient to support summary judgment. First Gibraltar
Bank, FSB v. Farley, 895 S.W.2d 425, 429 (Tex. App.--San Antonio 1995, writ denied). But as
nonmovants contesting the promisors' right to summary judgment, appellants were required to
present only evidence sufficient to raise an issue of fact. An unequivocal statement of ownership
of a note, if uncontroverted, is sufficient to establish ownership as a matter of law even in the
absence of supporting documents. Id. at 428. Despite the apparent gap in the chain of transfer
before McArdle II Corporation acquired the note, the president of McArdle II Corporation
testified in a "Lost Note Affidavit" that McArdle II acquired by purchase all rights to the note;
McArdle II's president also declared in the document assigning the note to John Patton and Von
Kreisler & Swanson, P.C., that McArdle II Corporation was the legal owner of the note. John
Patton stated in his affidavit that McArdle II Corporation assigned the note and vendor's lien to
him and Von Kreisler & Swanson and asserted that he and the law firm owned the vendor's lien
securing the note.

 We conclude that the evidence that McArdle II Corporation owned the note and
transferred it to John Patton and the law firm conflicts with the unexplained gap in ownership
between Diversified Financial Systems, Inc., and Diversified Financial Partners III L.P. The
summary-judgment proof thus presents a fact issue as to whether appellants own the note they seek
to enforce and renders summary judgment in favor of the promisors improper. It necessarily
follows that the summary judgment barring appellants from enforcing the vendor's lien as a matter
of law is also improper. We sustain point one as to these issues.

 Last, appellants argue under this point that the promisors failed to prove
conclusively their entitlement to attorney's fees. In its summary judgment, the court awarded the
promisors $18,600 for attorney's fees incurred in the trial court. The award of fees in this case
must conform to the requirements of the Declaratory Judgments Act: "In any proceeding under
this chapter, the court may award costs and reasonable and necessary attorney's fees as are
equitable and just." Uniform Declaratory Judgments Act, Tex. Civ. Prac. & Rem. Code Ann.
§ 37.009 (West 1997). Both the necessity and the reasonableness of attorney's fees under the Act
are questions of fact that must be supported by competent evidence. Bocquet v. Herring, 972
S.W.2d 19, 21 (Tex. 1998). A general statement by an attorney that the amount sought is
reasonable is not alone proof of its reasonableness. Nguyen v. Smith & Lamm, P.C., 714 S.W.2d
144, 149 (Tex. App.--Houston [1st Dist.] 1986, no writ); see Burrow v. Arce, 997 S.W.2d 229,
236 (Tex. 1999) (expert must support opinion by reasoned basis). A general statement that an
amount is reasonable amounts to no more than a conclusion and provides no evidence to either
support or controvert a motion for summary judgment. Nguyen, 714 S.W.2d at 149; see Arce,
997 S.W.2d at 235; Brownlee v. Brownlee, 665 S.W.2d 111, 112 (Tex. 1984).

 Factors to be considered in determining whether an attorney's fee is reasonable
include: (1) the time and labor involved; (2) the nature and complexities of the case; (3) the
amount of money or the value of the property or interest involved; (4) the extent of the
responsibilities assumed by the attorney; (5) whether other employment is lost by the attorney
because of the undertaking; (6) the benefits resulting to the client from the services; (7) the
contingency or certainty of compensation; and (7) whether the employment is occasional or for
an established client. Nguyen, 714 S.W.2d at 148-49.

 In this case, the attorney for the promisors stated by affidavit his qualifications to
provide an opinion on attorney's fees, the number of hours he had spent on the case, his hourly
fee, the amount of expenses incurred, and his opinion that both his hourly fee and the expenses
incurred were reasonable. The appellants' attorney controverted this evidence by her own
affidavit, in which she stated her qualifications to render an opinion, including her familiarity with
fees charged by attorneys in the area. She specifically averred that the promisors had neither
taken any depositions in the case nor filed any motions other than the summary-judgment motion. 
Based on her knowledge of fees charged in the county and the facts mentioned, appellants'
attorney stated her opinion that the fees and expenses requested by the promisors were excessive
and not a customary charge for the legal services provided.

 By specifying in her affidavit that no depositions or motions other than the one
before the court had been taken, appellants' attorney provided a factual basis for her opinion that
the fees the promisors requested were not reasonable. Although this factual basis was not
extensive, we determine that the appellants provided more than a conclusory statement that the
promisors' request for fees was unreasonable. See, e.g., General Specialties, Inc. v. Charter
Nat'l Bank--Houston, 687 S.W.2d 772, 774 (Tex. App.--Houston [14th Dist.] 1985, no writ). 
Because appellants presented a fact issue on the reasonableness of attorney's fees, we sustain point
one as to attorney's fees.

 In their second point of error, appellants argue that the trial court erred by not
granting them a partial summary judgment for foreclosure of the vendor's lien. Alleging that they
had retained a vendor's lien in the deed to the promisors and that the promisors had not fully paid
the purchase price for the land, appellants moved for a partial summary judgment for foreclosure
of the vendor's lien. The warranty deed conveying the land to the promisors states that payment
of the note given in consideration is secured by a vendor's lien and that the lien will be retained
against the land until the note is fully paid.

 A lien is a right to have satisfaction out of property to secure the payment of a debt. 
Windham v. Citizens Nat'l Bank, 105 S.W.2d 348, 350 (Tex. Civ. App.--Austin 1937, writ
dism'd). A vendor's lien is a lien for purchase money. McGoodwin v. McGoodwin, 671 S.W.2d
880, 881 (Tex. 1984). Generally, the security for a debt is inseparable from the debt, and when
a debt is secured by a lien on real estate, the assignment of the debt carries the lien with it. Trane
Co. v. Wortham, 428 S.W.2d 417, 419 (Tex. Civ. App.--Houston [1st Dist.]), writ ref'd n.r.e. per
curiam, 432 S.W.2d 520 (Tex. 1968). Without a debt, there can be no lien. Shipley v. Biscamp,
580 S.W.2d 52, 54 (Tex. Civ. App.--Houston [14th Dist.] 1979, no writ). As discussed above,
the summary-judgment proof shows a gap in the chain of assignments by which appellants claim
to have acquired the note. This gap precludes finding conclusively that appellants possess the
right to enforce the note. Having failed to show conclusively their right to enforce the note,
appellants have also failed to establish for purposes of summary judgment their right to foreclose
the lien securing it. The trial court thus did not err in overruling appellants' motion for partial
summary judgment. We overrule point two.

 In point of error three, appellants assert that the trial court erroneously included
findings in its order overruling their motion for new trial. The language appellants challenge
follows: "Specifically, this Court finds that there is no genuine issue of material fact with respect
to whether the attorneys' fees and costs incurred and prayed for by Plaintiffs are reasonable and
necessary, . . ." This finding added nothing to the court's explicit finding in the judgment that
"Plaintiffs have incurred reasonable and necessary attorneys' fees" of $18,600. Appellants'
complaint that the summary-judgment evidence fails to support the reasonableness and necessity
of attorney's fees has already been addressed in point of error one. We therefore overrule point
three.

 We have sustained appellants' contentions that fact issues exist as to whether they
own the note and can enforce the vendor's lien and as to the reasonableness of the attorney's fees
award of $18,600. We therefore reverse that portion of the summary judgment concerning
appellants' ownership of the note, their ability to enforce the vendor's lien, and the reasonableness
of attorney's fees; we remand these portions of the cause to the trial court for further proceedings. 
The remainder of the judgment is affirmed.



 

 Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed in Part; Reversed and Remanded in Part

Filed: January 21, 2000

Do Not Publish
1. We will refer to Teets and Burroff as the promisors. We will refer to Patton, Driver, and
Von Kreisler & Swanson, P.C., collectively, as appellants; otherwise, we will name the appellants
individually.
2. We use the words "transfer" and "assign" interchangeably to designate, broadly, conveying
an interest in an instrument to another. We use "negotiate" to mean the transfer of possession of
an instrument by someone other than the issuer to a person who thereby becomes its holder. 
Uniform Commercial Code--Negotiable Instruments, Tex. Bus. & Com. Code Ann. § 3.201 (West
Supp. 2000).
3. Article 3.309 provides:


 (a) A person who is not in possession of an instrument is entitled to enforce the
instrument if:


 (1) the person was in possession of the instrument and entitled to enforce
it when loss of possession occurred;

 (2) the loss of possession was not the result of a transfer by the person or
a lawful seizure; and

 (3) the person cannot reasonably obtain possession of the instrument
because the instrument was destroyed, its whereabouts cannot be
determined, or it is in the wrongful possession of an unknown person or a
person that cannot be found or is not amenable to service of process.


Code § 3.309(a) (West Supp. 2000). An instrument means a negotiable instrument; Chapter 3 of
the Code applies to negotiable instruments. Code §§ 3.102(a), .104(b).
4. A "holder" of a negotiable instrument means the person in possession if the instrument is
payable to bearer or, if the instrument is payable to an identified person, the identified person in
possession. Uniform Commercial Code, Tex. Bus. & Com. Code Ann. § 1.201(20) (West Supp.
2000). We use the word "owner" to mean a person who is entitled to exercise the rights
conveyed by an instrument, as determined by the principles of the law of property.
5. After John Patton and Ronald Driver negotiated the note to NCNB, the promisors agreed
to make payments jointly to NCNB, Patton, and Driver.



n the chain of assignments by which appellants claim
to have acquired the note. This gap precludes finding conclusively that appellants possess the
right to enforce the note. Having failed to show conclusively their right to enforce the note,
appellants have also failed to establish for purposes of summary judgment their right to foreclose
the lien securing it. The trial court thus did not err in overruling appellants' motion for partial
summary judgment. We overrule point two.

 In point of error three, appellants assert that the trial court erroneously included
findings in its order overruling their motion for new trial. The language appellants challenge
follows: "Specifically, this Court finds that there is no genuine issue of material fact with respect
to whether the attorneys' fees and costs incurred and prayed for by Plaintiffs are reasonable and
necessary, . . ." This finding added nothing to the